### CRANE v. HANKS.

A court of chancery will open the foreclosure, where it appears the mortgagor meant to perform, and by mistake or accident was prevented.

PETITION in chancery, showing that the Superior Court in March A. D. 1791, passed a decree that upon the petitioner's paying said Hanks £268 3s. 6d. lawful money, by the 1st of March A. D. 1792, said Hanks should reconvey to the petitioner, certain mortgaged premises, under a penalty; that on the 4th of May A. D. 1791, he procured the money and

offered and tendered it to said Hanks, as he verily supposed, and said Hanks agreed to accept it and to meet him in the afternoon of said day at the house of Constant Southworth, Esq. and give a deed and take the money; that said Hanks did not meet him at said Southworth's that afternoon, although the petitioner waited there the whole of said afternoon, but had ever since artfully avoided the petitioner and evaded receiving said money or giving said deed; and the petitioner relying on said tender to be good and valid brought his *scire facias* against said Hanks, to recover said penalty; but by reason of some legal defect in the manner of making said tender, the court could not enforce the penalty — praying that said decree of foreclosure might be opened and he have a further time to pay said money and redeem said estate.

Plea in abatement — That the petition did not contain sufficient reasons for opening said decree of foreclosure.

Judgment — That the plea in abatement is insufficient; and in March A. D. 1793, the court heard the petition on the merits and opened the foreclosure, and gave a further day to pay the money and redeem. See Doty v. Whittlesey, Litchfield, August Term, 1791.