By the Court.

The plaintiff is entitled to judgment on the verdict, unless the defendant can, from the facts agreed, support his claim to a deduction of the sum of 254 dollars, sent by him to the plaintiff’s attorney, through the medium of the post-office, but which was never received by the plaintiff or his attorney. If the defendant was authorized by the letter to the plaintiff’s attorney to remit that sum in that manner, at that time, the loss must fall *220 on the plaintiff; if not, the plaintiff must have judgment on the verdict.
When a sheriff has received money to satisfy an execution, it is his duty to return the execution according to its precept; but by our statute, he is not obliged to bring the money into court, but may retain it, until it be demanded of him by the creditor (1). And if it be demanded of him at any time after he has received it. either before or after the return day, and he shall refuse to pay it to the creditor, the creditor may, by action, recover it of him, with interest, at the rate of thirty per cent. The creditor is therefore to demand his money, and if he direct the sheriff to send it to him by the mail, the money is very properly at the risk of the creditor.
On this principle, presuming that the sheriff had levied the money, the plaintiff’s attorney wrote his letter to the sheriff, directing it to be remitted by the mail. But, through the neglect of the defendant, the money had not been levied, and he had made himself liable to the plaintiff for the amount of his execution. The money which the sheriff received after the return day, he had no legal authority to receive by virtue of the execution. And he might hold it against the debtor, as an indemnity, for [ * 252 ] satisfying the damages the plaintiff *had sustained by the defendant’s own breach of duty; as the debtor, having paid it for the plaintiff’s use, would be discharged, by the payment to the plaintiff, of these damages. The money, therefore, which the defendant remitted, was sent on his own account, to satisfy a demand which the plaintiff had against him ; and it must be considered as sent at the risk of the defendant, and not as the money, which the plaintiff had authorized him to send by the post. The case might have been different, if the sheriff, on the receipt of the money after the return day, had given notice of it to the plaintiff, and he, after notice, had authorized the sheriff to remit it by the mail; as this subsequent authority might be considered as recognizing the conduct of the sheriff, in thus receiving the money, as the act of his agent.

Judgment according to the vei diet.

 [Wilder vs. Bailey & Trustee, post, 395.—Ed.]