## BULFINCH *vs.* BALCH.

In order to charge the sheriff, under *Stat.* 1821, *ch.* 92, *sec* 3, with thirty *per cent.* interest on monies collected by him and not paid over upon demand, it is neces- sary that the demand be made by a person having authority to receive the mon- ey and execute a legal and valid discharge. And whether such discharge should not also be made out and offered to the sheriff,—*quære.*

Therefore where the creditor's attorney of record wrote to a third person, request- ing him to make a formal demand of the money, and to take a minute of the officer's answer, without more saying ; this was holden insufficient.

THE facts in this case are stated in the opinion of the Court, which was delivered as follows, by

MELLEN C. J.   This is an action on the case, charging a neg- lect on the part of *Simeon Bradbury,* late deputy of the defend- ant, who, at the time of the default alleged, was sheriff of the coun- ty of *Washington ;* and the plaintiff demands certain sums of mon- ey collected by *Bradbury* on two executions, and interest thereon at the rate of thirty per cent since the alleged demand of the mon- ey—pursuant to the provision of the third section of *Stat.* 1821, *ch.* 92.   On the two executions *Bradbury* had collected and re- ceived $794,51, belonging to the plaintiff.   The judgments on which the executions issued were both rendered at *Sept.* term 1829. In each of the abovenamed actions the defendant has been default- ed ; and the only question reserved is whether a legal and sufficient demand of the monies collected, was proved at the trial.   The de- fendant makes no objection to the payment of six per cent. whether the demand was sufficient or not ; but he refused to pay thirty per cent. contending that no demand has been made on *Bradbury,* en- titling the plaintiff to recover it.   With respect to the demand the facts are these.   Mr. *Hobbs,* the attorney who commenced the orig- inal actions, after *Bradbury* had collected the money, addressed and sent a letter from *Eastport* to Mr. *Pike* of *Calais,* requesting him, (after describing the executions) to make a formal demand of the money of *Bradbury* on the executions, or get Mr. *Cooper* to

make such demand, and take a minute of *Bradbury's* answer. Such a demand was accordingly made by Mr. *Cooper*, and Mr. *Hobb's* letter was read to *Bradbury*, more than a month before the present actions were commenced. It was decided in the case of *Freeman v. Boynton*, 7 *Mass.* 483, that a demand on the maker of a note, living at *Wiscasset*, by a person residing there, who had been requested to make it by the indorsee of the note, living in *Boston*, was not sufficient to charge the indorsor, because the person making the demand was not in possession of the note, but only a copy, and so could not discharge the maker, had he been ready to pay the amount due; in other words, such refusal to pay was no dishonor of the note, and so the demand was not sufficient. It is well settled that a sheriff is not bound to deposit the money in court on return of the execution, nor to carry it to the creditor, but he must pay it on legal demand, or he is liable to an action for its recovery. *Wakefield v. Lithgow*, 3 *Mass.* 249. When a sheriff has indorsed on the execution the amount he has collected, he charges himself with it; and the record is decisive proof against him. When he is called on for the money, he ought to be furnished with proof of the payment, that will, of itself, protect him against any future claim on the part of the creditor. Payment to the attorney of the plaintiff on record, is always safe; because the record will always show his authority; but when paid to any other person than the plaintiff or his attorney of record, the demand of payment should be accompanied by a written power or order, which, being receipted by the payee, will be a good security against danger; or else a receipt for the money demanded, should be placed in the hands of the person making the demand to be shown and delivered to the sheriff on payment. Though in the present case, a payment to Mr. *Pike* or Mr. *Cooper*, would have been attended with no danger, yet one rule and one principle must be applied in all cases. A demand may, in other cases be made by a person, destitute of property or principle; or the person receiving the money may die, and leave the officer destitute of all proof of payment or authority. In the case before us, the letter was addressed to Mr. *Pike*, and it was never intended for *Bradbury* or offered to him; and we do

not see why he should be pronounced in fault, in declining to pay over the money in his hands, when no order was drawn on him, nor any provisional discharge sent to the person appointed to make the demand. From the language of Mr. *Hobb's* letter, it is by no means clear that it was intended that Mr. *Pike* or Mr. *Cooper* should receive the amount of the executions. On the whole, we think that in this case the plaintiff has not entitled himself to the penalty of thirty per cent interest. Accordingly, on the default entered, the plaintiff must have judgment for $794,51 and simple interest thereon from the time of the request, viz. *February* 4, 1830, according to the agreement of the parties; the calculation to be made by the clerk.