## JOSEPH CURRIER *vs.* LUTHER BRACKETT.

If a person, as sheriff, appoints another a deputy sheriff under him, this is to be regarded as sufficient proof, that they stood in the relation of sheriff and deputy, in an action against the former for the default of the latter, as his deputy.

Where it is proved, that an officer, who had collected money on an execution, on being inquired of by an agent of the creditor, why he had not sent the money, promised to send it to the creditor immediately, a jury may properly find, from such evidence, that a demand of the money had been made.

If a deponent states, that he read to the defendant an extract of a letter from the plaintiff to himself, and gives a copy of the extract, and also gives the reply of the defendant thereto, and no objection is made at the time of the taking, the deposition is admissible in evidence.

THIS was an action of the case, for the neglect of *Charles Hapgood* as a deputy of the defendant, who was alleged to have been the late sheriff of the county of *Washington*, in not paying over the amount of an execution in the plaintiff's favor, against *The Proprietors of the Calais Temperance House*, the writ having been sued out *July* 28, 1838, wherein the amount and thirty *per cent.* interest were claimed. The plaintiff read a copy of the judgment described in the declaration, and proved, that an execution, duly issued thereon, was sent to *Hapgood* by mail, *October* 16, 1837, and that letters passed from *Portland*, from whence the letter was sent, to *Calais*, where *Hapgood* resided, in the usual course of the mail, in two days. The plaintiff offered in evidence the copy of the record of the appointment and qualification of *Charles Hapgood* as a deputy sheriff of the defendant, certified by the clerk of the judicial courts in the county of *Washington*, which was objected to by the defendant's counsel, unless it was proved that the defendant was sheriff of that county. The objection was overruled by EMERY J., presiding at the trial, and the evidence was admitted. The plaintiff offered the deposition of *G. W. McLellan*, to the admission of which the defendant's counsel objected, so far as relates to the extract of a letter from the plaintiff's counsel, and the statement respecting the same, as the original letter was the only proper evidence. No objection appeared to have been made, at the

taking of the deposition, and the Judge overruled the objection, and admitted the deposition. *McLellan* stated, that on *June* 15, 1838, he received a letter from *Codman & Fox*, the plaintiff's attorneys in the suit against the *Calais Temperance House*, in which they said to him, "if you see *Charles Hapgood*, late deputy sheriff, we wish you to inquire of him why he has not forwarded to us the money by him collected on execution, *Currier* v. *Calais Temperance House*"; that on the next day he called on *Hapgood*, and read to him that part of the letter quoted above; that *Hapgood* replied, that he had collected the money and would send it to them immediately; that afterwards, in the latter part of the same month, he met *Hapgood* in the street, who informed the deponent, that he was going west, and would see *Codman & Fox*, and pay over the money to them, or settle the execution with them; that he had no authority to receive the money or to receipt for the same, unless the extract of the letter might be regarded as giving him the authority; that he did not demand the money of *Hapgood*, but would have received it, had it been offered to him, and have taken upon himself the risk of forwarding it, and of procuring a discharge for *Hapgood;* and that no offer was made to pay over the money to him on a proper demand. The deponent annexed to his deposition a letter, which he stated was in the handwriting of *Hapgood*, of which a copy follows. "*Calais*, *May* 4, 1838. *Messrs. Codman & Fox*: Gent. The execution *Joseph Currier* v. *Pro. Calais Temperance House*, is collected. If you will allow me to pay it over to *Ch. Bradbury*, or remit it, by mail, in current bank bills in this place, I will endeavor to do it per order. Yours, with respect, *Cha's Hapgood.*" The plaintiff proved a notice from his counsel, *Codman & Fox*, to the counsel of the defendant, to produce at the trial " an original letter from *Codman & Fox*, written to *Charles Hapgood*, sometime in the month of *May*, 1838, wherein said *Hapgood* is directed to remit to us, by return of mail, the amount of the execution *Currier* v. *Proprietors of Calais Temperance House*, collected by him as deputy sheriff, in bills of banks current in the city of *Portland*, and of as large size as was possible for him to obtain." No such letter was produced. *Mr. Codman*, one of the plaintiff's counsel

and one of his attorneys in the suit against the *Temperance House*, testified, that he had written several letters to *Hapgood*, prior to *May* 1, 1838, and that he received the letter from *Hapgood*, dated *May* 4, 1838, annexed to *McLellan's* deposition, and that to this, immediately after receiving it, he replied, requesting *Hapgood* to forward the amount of the execution, exclusively of change, to the witness, in as large bills as he conveniently could get, which were current at *Portland*, taking evidence of his enclosing and depositing the same in the post office at *Calais*, and that he put the letter into the post office at *Portland*, directed to *Hapgood*, at *Calais*.

On this evidence, the defendant's counsel requested the Judge to direct a nonsuit. This was declined. They then requested the Judge to instruct the jury, that it was necessary for the plaintiff to prove a demand on *Hapgood* for the money before the commencement of the action, and that the putting the letter in the post office at *Portland*, directed to said *Hapgood*, as testified by said *Codman*, was not legal evidence of a demand. The Judge declined so to instruct the jury, and did instruct them, that if from the evidence, they were satisfied that said *Hapgood* received the execution from said *Codman & Fox*, the attorneys of the plaintiff, and had collected the money ; and that afterwards, said *Hapgood* received the letter, directing him to forward the amount in the manner stated by the witness, *Codman ;* it was a sufficient demand to enable the plaintiff to maintain his action for the amount of his debt and costs of the execution, exclusive of change, and the thirty *per cent.* interest, unless they were satisfied, that he had complied with the directions of the plaintiff's attorney, or was unable so to do, of which, from the facts detailed in *McLellan's* deposition, they would judge ; that as the plaintiff sought for a penalty, the burthen of proof was upon him to satisfy them that he was entitled to it beyond any reasonable doubt ; that though a demand was necessary to be made, by the plaintiff, of the money from *Hapgood*, before action brought, it was not necessary to make use of the word demand to effect a compliance with the same ; and that the application by *McLellan* to *Hapgood* was not a sufficient demand.

If the rulings or instructions were erroneous, the verdict for the plaintiff was to be set aside.

*Longfellow, Sen.*, for the defendant.

1. There was no legal evidence that the defendant was sheriff. Better evidence existed. The certificate of the Secretary of State is better evidence of his appointment, than the mere certificate of the clerk of the court, that *Hapgood* had been appointed his deputy.

2. The portion of *McLellan's* deposition, objected to at the trial, was improperly admitted. The letter should have been annexed. But if a copy would answer, the whole should have been copied, and not a mere extract given.

3. There was no evidence of any demand on the officer for the money. Where a penalty is demanded, strict proof must be made. Putting a letter into the post office is no demand, and had the letter reached the officer, he was not bound to have sent the money. *McLellan* made none. If there was proof that the deputy sheriff agreed to send the money, that was not a part of his official duty, and the sheriff is not liable for a neglect to perform such promise. But if the action can be sustained, the penalty of thirty *per cent.* cannot be recovered. *Bulfinch* v. *Balch,* 8 *Greenl.* 133. There was no conflicting evidence, and whether a demand was proved, or not, is a question to be decided by the Court.

*Fox,* for the plaintiff.

The Court officially take notice who is sheriff. 3 *Dane,* 61. The law requires, that the commission of the deputy sheriff should be recorded, and the copy from the record is evidence of the appointment. *St.* 1839, *c.* 445, § 7. Having appointed *Hapgood* a deputy under him, he cannot deny that he is sheriff.

The defendant attended at the taking of the deposition, and made no objection to the testimony. Had objection been then made, the letter would have been annexed, and it is now too late to make it.

The deputy sheriff admitted, that he had been requested to pay over the money, and he agreed to do it in the way which best suited his convenience ; and this is sufficient evidence of a demand. *Wakefield* v. *Lithgow,* 3 *Mass. R.* 249. The demand here was

made by the attorney of the plaintiff, and he has authority to make it. It is not necessary to tender a discharge, but it is sufficient to give one when the money is paid. And the plaintiff is entitled to the thirty *per cent.* interest. *Thompson* v. *Brown*, 17 *Pick*. 462.

The opinion of the Court was prepared by

Weston C. J. — The defendant acted as sheriff *de facto*. Of this, his appointment of *Hapgood*, as his deputy, under his hand and seal, is evidence. It ought, in the absence of all opposing testimony, to be regarded as sufficient proof, that *Hapgood* stood in the relation of his deputy, he assuming to act, and in fact acting, as the sheriff of *Washington*.

The jury have found, that *Hapgood* received *Mr. Codman's* letter, directing in what manner the money should be forwarded. The fact, that it was put into the post office, to be sent in due course of mail, together with *McLellan's* deposition, justifies this finding. That deposition is not objectionable. The letter, therein referred to, was mere inducement to the declarations of *Hapgood*. No objection was made by the counsel for the defendant, at the time of taking the deposition. If then made, it might have been removed by annexing the letter.

The case of *Wakefield* v. *Lithgow*, 3 *Mass*. *R*. 249, is an authority in point to show, that there has been a sufficient demand. Indeed, this is a stronger case, for by *McLellan's* deposition it appears, that *Hapgood* promised to send the money immediately, thus waiving all objection to the form of the demand, as well as to any hazard or trouble, this course of proceeding might occasion him.

*Judgment on the verdict.*