Storks, C. J.
The plaintiffs being second mortgagees, and having acquired by foreclosure the ultimate right to redeem the mortgaged premises from the defendants, who have purchased and therefore represent the interest of the first mortgagee, have clearly the right of redemption sought by this bill, but for the objections urged by the defendants. It is only necessary therefore to notice those objections. The first involves the merits of the case on the facts found by the court, and is confined to the legal effect of the decree of foreclosure obtained by the Bridgeport Bank, under which the defendants claim. The other respects the manner in which the present bill is framed, in case the plaintiffs are entitled on the merits to the relief they seek, and therefore involves only a question as to its form.
We are of the opinion that neither of these objections ought to prevail. 'The substantial question here is, whether the plaintiffs should now be allowed to redeem the mórtgaged premises from the defendants, notwithstanding the decree of foreclosure heretofore obtained by the latter ; in other words, whether a sufficient ground is shown for the opening of that decree. That a court of equity possesses, and for what it deems a just and reasonable cause will exercise, the power of opening a decree of foreclosure and extending still further the time for the redemp.tion of a mortgage, is too well established to require a reference to authorities. It has always been exercised by that court, "and without any question, and rests on the- same. principle as that upon which the court first limited the time for redemption.
[ *562 ] *In respect to the first objection of the defendants, they claim that the former decree' of foreclosure appears from the record of that case to have been regularly *459 obtained; that the facts which that record finds, including the legal service of the petition on which that decree was made upon the defendants therein, can not be contradicted in this case, on the ground that the record in that case imports absolute verity, and can not be thus collaterally impeached : and that therefore that decree constitutes a bar to the present bill. No part of that decree has been attempted to be here contradicted, excepting the fact that the defendants therein were legally served with process in that case. Whether, as a matter of evidence merely, if the question were as to the legal validity of that decree, it would be competent for the plaintiffs, under the rule protecting the verity of judicial records, to question collaterally the fact of the service of that petition, for the purpose of destroying the jurisdiction of the court and thus annulling its decree in that case, is a point which certainly admits of a question. We are" inclined to the opinion that, for that particular purpose, it would not be allowable thus to falsify that record. But it is not necessary to decide that point. The question as to opening a decree of foreclosure does not turn upon the inquiry whether the proceedings on which the decree was obtained were regular, but may depend on other equitable considerations wholly independent of that inquiry; although indeed, where such a decree is interposed by the party obtaining it as an objection to a redemption which, but for the effect of the decree, would be clearly just and reasonable, its irregularity, as well as any other circumstances which ought to set it aside or modify it, will be considered on the question whether the time for redemption shall be further extended; in which latter case the manner of obtaining the decree to he l’elieved against is gone into, not as a technical question of evidence, but as being of itself a ground of relief to the party seeking to redeem ; and the inquiry is analogous to, or rather seems to be really in substance, the familiar proceeding in chancery for a new trial in the nature of a bill of review, the object of which is to set *aside or open the former [ *568 ] proceedings in that court, rather than a collateral attack upon them. Hence, it by no means follows that the operation of the decree in. question would not be relieved against, if it were conceded that it was obtained in all respects regularly. On the contrary, no principle is better settled, or more frequently acted on, than that a court of equity will interfere to restrain the use of an advantage gained by the proceedings of a judicial tribunal, either of law or equity, irrespective of the inquiry whether those proceedings were regular or not, when they must otherwise make either of those tribunals an instrument of injustice, in all cases where such advantage has been gained by the *460 fraud of the opposite party, or by accident or mistake, without the fault of the party seeking relief against them. In regard to the judgment of a court of law, it does not in such a case reverse that judgment, but, conceding it to be valid, it prevents its being used for an unconscientious or inequitable purpose. In regard to its own decrees or proceedings, it may set them aside, or, allowing them to stand, restrain the parties from the use of them for a like improper purpose. If any of these proceedings were void for irregularity, there would obviously be no occasion to apply directly to any court for relief against them ; they would be a nullity, and therefore of no avail, however attempted to be used.
Applying these familiar principles, we are clearly of the opinion that the circumstances under which the Bridgeport Bank ohtained the decree on which the defendants rely in this case, were such that they ought not to be allowed to use it for the purpose of preventing the right of redemption sought by this bill. It was obtained under a mistaken belief on the part of the bank that the present plaintiffs were legally notified of the bill on which it was founded. There was plainly no such notice, as there was no express or implied authority on the part of the person who undertook to accept the service of the citation ; nor had the present plaintiffs any knowledge of that proceeding until after the decree was made and the time limited by it for redemption had expired. And it is found that they would [ *564 ] have redeemed the mortgaged property *within that time if they had known of the decree. In preventing the defendants, under these circumstances, from taking advantage of that decree in this case, we only preclude them from availing themselves of a decree which they could not conscientiously have obtained if they had been aware of the want of notice of the bill to the defendants in the case, and of which they can now no more conscientiously avail themselves, since the want of such notice has come to their knowledge. Unless, therefore, the plaintiffs are precluded from availing themselves of this objection to the decree by the manner in which the question is here presented, they are entitled to the relief they seek, notwithstanding that decree.
This presents the only other objection of the defendants to the relief here sought. They claim that the former decree can not be attacked thus collaterally on this bill as now drawn, but that it should have been framed for the direct and avowed purpose of opening and setting aside or modifying that decree, and that, as there are no allegations in it adapted to or praying for such relief, the evidence of the plaintiffs in regard to the manner in. *461 which the decree was obtained was not admissible. There is certainly force in this objection ; but considering the manner in which the question is here presented, it is our prevailing opinion that the evidence was properly received and should have its full effect. However special or particular the statements in a bill are generally required to be where relief is sought against the inequitable operation of a judgment or decree, we think that the rule should not be applied in a case like the present, where the-object is merely to obtain liberty for further time to redeem a mortgage, and the only objection is a previous decree of foreclosure, subsequent to which no new rights have been acquired. The facts alleged in this bill, unanswered, present a clear title to relief. The decree formerly made does not constitute, nor could it properly be set up by way of answer as, an absolute or positive bar or objection to the extension of the time for redemption, but at best constitutes only an equitable reason against such extension. The bill is in the ordinary form of *a bill for redemption, taking no notice of [ *565 J the previous decree. The defendants in their answer not only set up the decree, but aver that it was rendered upon legal notice to the plaintiffs and with their actual knowledge and acquiescence. The plaintiffs then, after the defendants have presented their ¡woof, offer evidence to negate these allegations, and to show that there was no legal notice, and that they had no actual knowledge of the suit. To this evidence the defendants object, solely on the ground that it contradicts the record. This was clearly a point of no importance" on the question whether the decree constituted an equitable reason why the plaintiffs should not be allowed to redeem, and the evidence being admissible for the purpose of showing that the decree did not constitute such reason, and for the purpose of negating the allegations of the answer, and not objected to on any other ground, we think that we ought not now to reject it from our consideration, but that it ought to be treated as being properly before us, and entitled to the same effect as if the manner of its introduction was in all respects regular and unexceptionable. We are therefore on the whole of the opinion, not however without some hesitancy, that the plaintiffs were rightly permitted to impugn the effect of the decree, and that the superior court should be advised to grant the prayer of the bill.
In this opinion the ■ other judges concurred; Sanford, J., with much doubt however as to the propriety of granting the relief upon the bill in its present form.
Advice that prayer of the bill he granted.