### JONATHAN MORGAN *vs.* SAMUEL W. RICHARDSON.

The plaintiff sent a writ by mail to an officer, with money to pay for the fees of service; and afterwards, having recovered judgment, sent the execution by mail to the same officer, with directions to " collect and remit." The officer collected the amount, fifty dollars, and remitted it to the plaintiff by mail, and the letter was lost. *Held,* in an action against the officer to recover the money, that there was evidence sufficient to justify a finding that the plaintiff authorized the officer to remit the money by mail.

CONTRACT for money had and received to the plaintiff's use.

At the trial in the superior court, before *Vose,* J., without a jury, it appeared that the plaintiff, a citizen of Portland, Maine, sent by mail to the defendant, a deputy sheriff living in East Cambridge, a writ for service, with two dollars for his fees. The defendant served the writ and returned it to Portland by mail ; the plaintiff recovered judgment thereon for $50.19, damages and costs, and sent the execution by mail to the defendant for collection, with written instructions to " collect and remit." The defendant collected the execution, and remitted $50 in bank bills by mail to the plaintiff at Portland, and the letter containing the remittance was lost. The only public communication betweeen East Cambridge and Portland was the mail; but there was a daily express from Boston to Portland, and the defendant was in Boston every day.

The judge ruled that the plaintiff could not recover; and the plaintiff alleged exceptions.

*S. Wells, Jr.,* for the plaintiff, cited *Gurney* v. *Howe,* 9 Gray, 404 ; *Wakefield* v. *Lithgow,* 3 Mass. 249 ; *Warwicke* v. *Noakes,* Peake, 67.

*H. G. Hutchins,* for the defendant, cited, in addition to cases cited for the plaintiff, *Gordon* v. *Strange,* 1 Exch. 477 ; *Kington* v. *Kington,* 11 M. & W. 233.

BIGELOW, C. J. We cannot say that on the facts the finding of the court below was erroneous. The question presented at the trial was a mixed one of law and fact. There was evidence derived from the previous negotiations and dealings between the parties in relation to the subject matter out of which the present

claim arises, that the defendant was authorized to remit the money by mail. The plaintiff selected that mode of communicating with the defendant, and transmitted to him thereby, not only a small sum of money in the course of the transactions between them, but also the execution issued on the judgment against his debtor, which was the highest evidence of his claim, and in the nature of a direct security therefor. This was accompanied with a direction to collect and remit the amount. These facts were sufficient to lead the defendant to believe that he was authorized by the plaintiff to remit by mail, and warranted the court below in finding that the defendant was not liable in this action. The rule is well settled that if a person to whom money is due, either by express assent or direction, or a course of dealing from which such assent may be inferred, authorizes its transmission by mail, the person from whom it is due is absolved by evidence that it was duly deposited with a proper direction in the post-office. *Gurney* v. *Howe*, 9 Gray, 404, 408, and cases cited. *Exceptions overruled.*