JOSEPH CONSOLE *vs.* SAMUEL TORCHINSKY ET ALS.

First Judicial District, Hartford, March Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KELLOGG, Js.

A promissory note payable in instalments and secured by mortgage, provided that upon failure for thirty days to pay any instalment of interest or principal as it became due, the whole amount of the note then remaining unpaid should forthwith become due and payable at the option of the holder. *Held* that upon the face of the note it was not essential for the holder to make a demand for the payment of principal or interest overdue for thirty days or more, before exercising his option to treat the default as accelerating the maturity of the note and foreclosing the mortgage accordingly; but that if the holder of the note—in this case the plaintiff—had authorized the defendant maker to mail him a check for the interest shortly to become due, and the latter did so, then, although the check was not received, a very different situation arose, for which the plaintiff was so far responsible that it would be inequitable to allow him to take advantage of it without first demanding the overdue interest which the defendant maker naturally supposed had been paid.

A debtor who transmits by mail the sum due to his creditor, pursuant to the direction or authority of the latter, is not responsible for its nondelivery or loss in the mail.

A court of equity may relieve against the effect of a provision in a note for accelerating payments, if the default of the debtor is not wilful but is the result of accident or mistake.

The plaintiff insisted that the defendants were not entitled to equitable consideration, because they had not proved that they had been ready and willing at all times since the foreclosure action was commenced to pay the overdue interest. *Held* that this claim was not well founded, since the theory of the plaintiff's case was that the time for the payment of interest had gone by; and so far as the plaintiff's right to a foreclosure for nonpayment of the entire mortgage debt was concerned, the single issue was whether this sum was due when suit was begun.

Argued March 8th—decided March 29th, 1922.

SUIT to foreclose a mortgage of real estate, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the plaintiff, and

appeal by Samuel and Abraham Torchinsky, two of the defendants. *Error and cause remanded.*

The mortgage note in suit was payable in instalments, and it provided that upon failure to make any payment of principal or interest for thirty days after the same became due and payable, the whole amount of the note then remaining unpaid should become due and payable at the option of the holder. On June 2d, 1920, an interest payment of $144 became due and payable on the note, and on June 8th, the defendants, Torchinsky, who were then the owners of the mortgaged premises subject to the mortgage, mailed a check for that amount to the plaintiff at Norfolk, Virginia, properly addressed. The check was not received by the plaintiff. No notice of any kind was given to the defendants of the non-receipt of the check, and the defendants had no knowledge that the check had not been received, and that the interest had not been paid, until the service of the writ in this action, dated August 19th, 1920. It is found that the mailing of the check to the plaintiff for the interest then due, was pursuant to a letter written by plaintiff to the defendant Samuel Torchinsky, and pursuant to the custom of dealing established between the plaintiff and defendants.

The court held that the failure to pay the instalment of interest due June 2d, 1920, within thirty days of that date, constituted a breach of the contract; that $5,205.60 was due on the mortgage note, and rendered judgment for foreclosure unless the defendants, Torchinsky, on or before April 29th, 1922, should pay the plaintiff the amount of the mortgage debt with interest.

*Abraham S. Bordon,* for the appellants (defendants).

*Alvan Waldo Hyde,* for the appellee (plaintiff).

BEACH, J. It is true, as alleged in the complaint, that at the date of the writ the interest payment due June 2d, 1920, was still due and unpaid though more than thirty days had elapsed since it became due and payable. Thereupon, by the terms of the mortgage note, the entire amount of the note then remaining unpaid became due and payable at the option of the plaintiff, and the plaintiff exercised his option by bringing this foreclosure suit, without first making demand for the payment of the overdue interest. The written contract does not require the plaintiff to make demand for overdue interest before exercising his option to treat the default as accelerating the maturity of the note, and without such requirement no demand or notice of election is required by law. 8 Corpus Juris, p. 417.

On the face of the contract there is no reason for requiring such a demand, because the contract puts the burden of making payment on the defendants, and if the plaintiff had stood on his contract the defendant could not have been in default for thirty days without knowing it. It may therefore be said that the provision for accelerating the maturity of the note without demand or notice, was agreed upon in contemplation of the fact that the debtor could not, under the terms of the contract, be in default without knowing it, and without having ample time to repair the default before any right to accelerate the maturity of the note could arise.

The only question on this appeal is whether the plaintiff, by authorizing the defendant to mail him a check for the interest due June 2d, 1920, has created, or assisted in creating, a situation so different from that contemplated by the contract as to make it inequitable for him to assert his contract rights to accelerate the maturity of the note without first demanding the overdue interest.

The finding is that the plaintiff authorized the defendant to make the interest payment in question by mailing him a check, that the defendant mailed the check to the address given on June 8th, that it was not received, and that the defendant had no knowledge that it had not been received until the service of the writ in this action. On this state of facts it is apparent that the defendant, instead of having the benefit of a very liberal extension of time in which to make good a known default, has been caught, after being lulled into security by the presumption of due delivery and receipt arising from the mailing of a properly-addressed letter. *Garland* v. *Gaines*, 73 Conn. 662, 49 Atl. 19; 21 R. C. L. 764.

It is not equitable that the plaintiff should be allowed to take advantage of this situation. "The rule is well settled that if a person to whom money is due, either by express assent or direction, or a course of dealing from which such assent may be inferred, authorizes its transmission by mail, the person from whom it was due is absolved by evidence that it was duly deposited with a proper direction in the post-office." *Morgan* v. *Richardson*, 95 Mass. 410, 411; *Gurney* v. *Howe*, 75 Mass. 404, 408; 2 Greenleaf on Ev. § 525, and cases cited; *Buell* v. *Chapin*, 99 Mass. 594; *Campbell* v. *Knights of Pythias*, 168 Mass. 397, 399, 47 N. E. 109. In *Selman* v. *Dun*, Fed. Cas. 12,648, Chief Justice Taney, sitting as Circuit Justice, said: "If the letters of the plaintiffs to the defendant, urging the payment of the note, gave him reasonable grounds to believe that they desired and expected the money to be remitted to them by mail, he was authorized to make the remittance in that manner, at the risk of the plaintiffs." By analogy, the risk of the nonreceipt of the check in question was on the plaintiff in this case, and not on the defendant who attempted to make pay-

ment in the manner authorized by the plaintiff and in ample time to avert the consequences of a default continued for thirty days.

"A court of equity may relieve against the effect of such provision [for accelerating payments], where the default of the debtor is the result of accident or mistake." 1 Pomeroy's Equity Jurisp. (3d Ed.) § 439; *Adams* v. *Rutherford,* 13 Or. 78, 8 Pac. 896. This does not mean that such provisions for accelerating payments are provisions for forfeitures. Fairly made and fairly enforced they are not. They do, however, contemplate such a breach of the contract as would have the effect of impairing the credit of the debtor; and when the default is not of that nature but is the result of accident or mistake, a court of equity may intervene to prevent the creditor from taking an unconscionable advantage of the letter of his bargain. In *Doty* v. *Whittlesey,* 1 Root, 310, and in *Crane* v. *Hanks,* 1 Root, 468, the jurisdiction of chancery to reopen a foreclosure, where the default is by accident or mistake, was recognized in the Superior Court as early as 1791. To the same general effect are *Bridgeport Savings Bank* v. *Eldredge,* 28 Conn. 556; *Bostwick* v. *Stiles,* 35 Conn. 195, 198.

We conclude that on the facts found the defendants have made out a good equitable defense to the enforcement of the provision for accelerating the maturity of the note.

We do not think the defendants were bound to prove that they have at all times since the action was commenced been ready and willing to pay the overdue interest, because the theory of the plaintiff's case is that the time for payment of interest has gone by; and so far as the plaintiff's right to a foreclosure for nonpayment of the entire mortgage debt goes, the single issue presented by the complaint was whether the

principal of the debt was due when the suit was brought.

There is error and the cause is remanded to the City Court of Hartford with directions to set aside the judgment, and for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.