## FLORENCE KELLY McGEE v. CONTINENTAL LIFE INSURANCE COMPANY.

(Filed 22 March, 1933.)

**Insurance J b—Evidence of payment of premium held insufficient to be submitted to the jury in this case.**

Evidence tending to show that a person other than the insured placed in an envelope, addressed to the insurer and bearing the sender's return address, cash equal to the semiannual premium on insured's policy of life insurance, without more, is held insufficient to be submitted to the jury on the question of payment of the premium.

Clarkson, J., dissents.

Appeal by defendant from *Grady, J.,* at Second September Term, 1932, of Harnett.

Civil action to recover on a life insurance policy.

After receiving several letters during the summer and fall of 1931, calling his attention to the fact that the policy in suit had lapsed for nonpayment of premiums, and suggesting that application for reinstatement be filed, the assured, Howard K. McGee, did, on 5 December, 1931, with the assistance of the then local agent, R. E. Davis, execute application for reinstatement. The assured was killed in an automobile accident four days thereafter, before his application had been acted upon by the defendant company.

The father of the deceased testified that he paid the semiannual premium of $24.02, due 13 May, 1931, on 6 June, within the 30-day period of grace, by placing two $10 bills, four $1 bills and two cents in an envelope addressed to the company at Saint Louis, Mo., with his return address thereon, and mailing the same in the United States post-office at Angier, N. C. R. E. Davis corroborated this testimony.

Upon this evidence, the jury found that the premium of $24.02, due on the policy in suit, 13 May, 1931, was "paid to and received by the defendant company on or before 13 June, 1931, as alleged in the complaint." If this be true, the policy was in force at the time of the death of the assured.

Judgment on the verdict for plaintiff, from which the defendant appeals, assigning errors.

*Dupree & Strickland and J. R. Baggett for plaintiff.*
*Young & Young for defendant.*

Stacy, C. J. The case turns on whether the semiannual premium of $24.02, due 13 May, 1931, on the policy in suit, was paid within the 30-day period of grace. We agree with counsel for defendant that the evidence is not sufficient to go to the jury on this question.

The mailing of currency in an envelope, addressed to an insurance company, with return address thereon of one other than the assured, and with nothing therein to indicate what it is for, nothing else appearing, will not suffice to show payment of premium due on a particular policy.

This accords with the general holdings on the subject. Annotation, 47 A. L. R., 886, 48 C. J., 594; *Campbell v. Supreme Lodge,* 47 N. E. (Mass.), 109; *Gurney v. Howe,* 75 Mass., 404; *Crane v. Pratt,* 78 Gray, 348; *Donald v. Ins. Co.,* 4 S. C., 321; 3 Couch on Insurance, sec. 601.

Nor are our own decisions at variance with the general rule. *Coile v. Com. Travelers,* 161 N. C., 104, 76 S. E., 622; *Hollowell v. Ins. Co.,* 126 N. C., 398, 35 S. E., 616; *Whitley v. Ins. Co.,* 71 N. C., 480. The motion to nonsuit should have been allowed.

Reversed.

Clarkson, J., dissents.