C.R. PARKSIDE LIMITED PARTNERSHIP *v.*
ISABEL LORENZANA
(4692)

BORDEN, SPALLONE and BIELUCH, Js.

Argued February 4—decision released April 21, 1987

*Neil L. Brockwehl,* with whom was *Glenn W. Falk,*
for the appellant (defendant).

*Thomas B. Griglun,* for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the
judgment rendered by the trial court in a summary pro-
cess action granting immediate possession of her apart-
ment to the plaintiff on the ground of nonpayment of
rent. The defendant claims the trial court erred (1) in
imposing the risk of loss of a mailed rental check on the
defendant tenant when the plaintiff landlord encour-
aged its tenants to utilize the mail when paying rent,
and (2) in failing to grant the defendant equitable relief
against a forfeiture where the nonpayment was an
accident.

The following facts are not in dispute. On September 1, 1978, the defendant entered into a written lease with the plaintiff providing for a month-to-month tenancy of the subject apartment. The lease is subject to federal regulation because of a regulatory agreement executed between the plaintiff and the secretary of the United States department of housing and urban development. Federal regulations allow for the termination of the lease for a "material noncompliance" of its terms and expressly declare that nonpayment of rent, beyond any grace period provided by state law, is a substantial violation and meets the definition of a material noncompliance of the lease. Thus, a deliberate nonpayment of rent by the defendant would justify a termination of her right to occupy the premises.

The plaintiff brought this action for summary process on the ground of nonpayment of rent, alleging that it had failed to receive the defendant's rent for May, 1985. The defendant testified that she customarily paid her rent by check. The defendant further testified that on May 5, 1985, she, with the assistance of her daughter, mailed her rent for the month of May to the plaintiff. The plaintiff denied having received the rent.

The court concluded that because the defendant had failed to ensure that the plaintiff had received the rental payment by the tenth of the month, she was in default of her lease. The court stated that "if [the defendant] elected to transmit her check by mail, it became her obligation to ensure that the check was received. There is nothing in the rental agreement providing that mailing is tantamount to payment. If there was a presumption of payment if mailed on time as claimed by the defendant, that presumption has been effectively rebutted by the landlord's testimony of nonreceipt." The court therefore rendered a judgment of immediate possession to the plaintiff.

The defendant first claims that the court erred in imposing the risk of loss of a mailed rental check on the defendant when the plaintiff encouraged the defendant to use the mail when paying rent. The lease provides for the mailing of rent, stating that rent is payable to "P.O. Box 240, Meriden, Connecticut 06450." Further, the plaintiff provided coupon books to all its tenants, including the defendant. Each coupon includes the account number, date and amount of payment, the project and the name of the tenant. The coupon also instructs the tenant to "*Mail to:* Carabetta Management Co., P.O. Box 240, Meriden, Connecticut 06450." (Emphasis added.) In addition, the plaintiff had received rental payments in the mail from the defendant in the past without protest.

The trial court concluded that the defendant had the burden of ensuring that the plaintiff received the rental payment even when she used a means of transmission approved by the plaintiff. By placing the risk of loss of the mailed payment on the defendant, however, the court acted contrary to authority holding that, where a creditor has assented to payment by mail, he bears the risk of loss. In *Kerin* v. *Udolph,* 165 Conn. 264, 268, 334 A.2d 434 (1973), our Supreme Court stated: "If a person to whom money is due, either by express assent or by a course of dealing from which assent may be inferred, authorizes its transmission by mail, the person from whom it was due is relieved from the consequences of a default if it is duly and properly put into the mail." See also *Mackey* v. *Dobrucki,* 116 Conn. 666, 669, 166 A.2d 393 (1933); *Console* v. *Torchinsky,* 97 Conn. 353, 356, 116 A. 613 (1922). We find, therefore, that the court erred when it placed the risk of loss on the defendant.

We do not by our holding in this case mean to intrude into the factfinding process of the trial court. The court could have chosen not to believe that the defendant ever

mailed the check and would have been perfectly justified in finding for the plaintiff on the issue of nonpayment.[1] Here, however, the court did not base its decision on the defendant's failure to mail the check, but held that if the defendant elected to transmit her check by mail, "it became her obligation to ensure that her check was received." Such an expression of the law is contrary to the above stated authority and requires reversal.

Our finding of error on the defendant's first claim makes it unnecessary to consider the defendant's second claim of error.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[1] The court did not explicitly pass on the defendant's credibility. Such an omission, however, does not affect our decision in this case since the court decided the case on other grounds.