[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 10190
This is an action to foreclose a mortgage on property owned by Edward Hanlon and Wendy Hanlon known as and located at #165 South Road, Bolton, Connecticut. The defendants gave to the plaintiff's predecessor a mortgage on said property in the amount of $155,700 on November 2, 1992. The plaintiff claims that no payments have been made on the note since May 1, 1999 and that as of October 6, 1999 there was due and owing $143,320.66 plus interest, late charges and collection costs. The defendant Edward Hanlon leaves the plaintiff to its proof as to this allegation.
The defendant Edward Hanlon pleads, as his special defense that "The plaintiff has failed to comply with paragraph 21 of the mortgage, a copy of which is attached as an exhibit to this answer by not giving defendant notice of acceleration as called for in the mortgage prior to the bringing of this foreclosure."
The sections of the mortgage upon which this defendant relies are as follows:
Section 21
Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the nonexistence of a default or CT Page 10191 any other defense of Borrower to acceleration and foreclosure or sale.
Section 14
 Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law required use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender . . . Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.
The plaintiff moves for summary judgment against defendant Edward T. Hanlon as to liability, claiming that there is no genuine issue of material fact between the parties. Implicit in the motion is the proposition that the defendant's special defense as to failure to accelerate the note is not supported by fact. The defendant Edward T. Hanlon moves for summary judgment, claiming that there is no genuine issue of material fact as to the special defense and consequently that he is entitled to summary judgment as a matter of law.
 I Plaintiff's Motion for Summary Judgment
The plaintiff has submitted documentary evidence to support its claim. This defendant has admitted the debt, the making of the promissory note, the giving of the mortgage and its recording and the listing of prior encumbrances. The defendant leaves to the plaintiff's proof the assignment, the amount due, the fact and date of default, the fact of acceleration and the listing of subsequent encumbrances.
The plaintiff submits, with this motion its title search, verifying the listing and the amount of the claimed encumbrances of record. The plaintiff, by affidavit of its assistant vice president, Susan L. Hobbs, makes affidavit as to the default in payments and the amount due as of its date, February 16, 2000. Copies of the assignment to this plaintiff are attached. The defendant submits no documentary proof or affidavit to take issue with any of these factors.
The plaintiff further submits the affidavit of Susan L. Hobbs, Assistant Vice President of the plaintiff stating that she mailed first CT Page 10192 class the Motion of Default to the borrowers "Edward T. Hanlon, Wendy R. Hanlon, 165 South Bolton Road, Bolton, CT 06043" on July 8, 1999. Further that this is the address of the property in this action. From the documentary evidence it is clear that this is the address of the property, and the address to which the mail is to be and was directed to the borrowers.
As to the notice the defendant appears to claim that since the affiant did not personally sign the notice of July 8, 1999 the affiant is not making affidavit as to her own personal knowledge. The notice bears the subscription identity as "collection department". This is of course immaterial because the affidavit states that the affiant personally mailed the notice. The identity of who in the collection department prepared the notice is of no import.
The plaintiff has, by affidavit and documentary proof proven all of the essential elements of the complaint as to liability of this defendant Edward Hanlon.
 II Defendant's Motion for Summary Judgment.
The defendant, in his motion for summary judgment, makes affidavit that "to the best of my knowledge and belief, neither I nor Wendy Hanlon ever received any notice of acceleration as required by paragraph 21 of the mortgage deed . . ." Practice Book § 17-46 requires that "supporting affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence . . ." Although not necessary to the decision on the matter of mailing, this statement is totally ambivalent. It fails to set forth the scope of knowledge or the source of knowledge. Further "belief" is not fact — it is nothing more than opinion. To the extent that this affidavit seeks to contest the fact of mailing, it falls far short of taking issue with the plaintiff's affidavit. Furthermore, the requirement of the mortgage is mailing, not receipt.
It is not receipt of the mail which is required. "If a person to whom money is due either by express assent or by a course of dealing from which assent may be inferred, authorize its transmission by mail, the person from whom it was due is relieved of the consequences of a default if it is duly and properly put into the mail." C. R. Parkside LimitedPartnership v. Lorenzana, 10 Conn. App. 517, 519 (1987). "It is fairly implied from the finding that this letter was duly mailed. It is therefore to be presumed that it was received." Garland v. Gaines,73 Conn. 660, 664 (1901). "If elevated to a legal presumption, however, CT Page 10193 the trier would be required to find receipt of the letter on those facts, unless that Presumption was properly rebutted." Tait LaPlante,Handbook of Connecticut Evidence, § 5.1.1.
In summary, since the defendant signed the mortgage agreeing to the act of mailing, proof of receipt is not required. Lorenzana, supra. Even if this was not the law, yet the fact of mailing creates a presumption of receipt. The ambivalent and conclusory affidavit of the defendant, as aforesaid, does not come close to being a statement of fact such as to rebut the receipt of the notice by he and/or his wife, the co-signator, at the properly described address.
The defendant, in his brief, makes a further argument that a letter purporting to be a notice of actual acceleration, dated August 17, 1999, bearing the caption "Original Copy: Sent Certified, Return Receipt Requested — Second Copy sent Registered Mail" was not supported by an affidavit of mailing nor was the return receipt submitted to the court. The defendant is correct in each of these assertions. However, nothing in the mortgage deed requires that the mortgagee give to the mortgagor a specific further notice that acceleration has taken place . . . To the contrary, paragraph 21 provides: "Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any of the remedies permitted by applicable law."
Because the further notice, captioned August 17, 1999 is not necessary to cause acceleration, the mailing, non-mailing, or non-receipt of such notice is totally immaterial. There is no question, of course, but that the amount sought by paragraph five of the complaint (the entire balance of the note, interest, costs etc.) constitutes an unequivocal declaration of the fact of acceleration.
The Appellate Court has determined that proper notice of acceleration is a necessary condition to an action of foreclosure . . ." CitingMortgage, Inc. v. Pronto, 41 Conn. App. 598, 603 (1966). The defendant, in its motion for summary judgment, claims that the note was not properly accelerated because, it claims, the dates set forth in the letter, mailed July 8, 1999, setting forth a failure to cure date of"by August 7, 1999" did not comply with section 21 of the mortgage, which requires the terminal date to be "not less than 30 days from the date the notice is given to the borrower."
"When there is definitive contract language, the determination of what the parties intended is a question of law . . ." Levine v. Massey,232 Conn. 272, 277 (1995). CT Page 10194
The language set forth in said Section 21 is clear and definitive. The court has heard nothing in this motion, affidavits, briefs or oral argument to indicate that this section was a subject of discussion between the parties at or prior to execution or thereafter where differing views or positions were proffered by the parties. The words used are the words agreed to and were not the product of opposing views existing at the time of the contract.
The defendant takes the position that in computing the thirty days both the first and the last day of the period must be excluded from the calculations of "a date, not less than 30 days from the date the notice is given to the borrower" as the grace period, so to speak, to cure the default.
The defendant claims that in computing the "thirty day" time both the initial day (July 8) and the terminal day (August 7) must be excluded from the calculation. . . ." The day of the act from which a future time is to be ascertained is to be excluded from the calculation. . . ."Austin, Nichols Co., Inc. v. Gilman, 100 Conn. 81, 83 (1923). This rule applies to contracts and other commercial instruments. Austin, Nichols,
supra p. 83. The word "from" in the mortgage section would also lead to the conclusion that the necessary time starts the day after the notice.
From a counting of the calendar days following July 8, 1999, thirty days thereafter would be August 7, 1999. This is the date set forth in the notice as the last day upon which default must be cured. Otherwise the debt will be accelerated. Had the notice for example said August 6 this would have been 29 days from the date of the letter, and hence would have been less than thirty days from the date of notice. Any date prior to August 7 would have been less than thirty days from the date of notice. Since the date set forth, August 7, was thirty days from the date of notice it could not be less than thirty days from the date of notice. The section states that the date shall not be less than thirty days from the date of notice. This date of August 7 in the notice was in compliance with Section 21 of the mortgage.
 III
The court determines that there is no genuine issue as to any material fact as concerns the allegations of the complaint directed to this defendant Edward T. Hanlon, as to liability. This includes of course the fact of default in payments and proper acceleration of the note. The court finds that as to the defendant's motion for summary judgment on its special defense claiming failure to comply with Section 21 of the note and hence failure to give proper notice of acceleration, there is no material fact to support that claim and that the facts are such as to refute that CT Page 10195 claim.
The court enters summary judgment for the plaintiff on the complaint, as to liability only. The court denies the defendant's motion for summary judgment.
L. Paul Sullivan