Van Arsdale *vs.* Joiner.

C. VAN ARSDALE, plaintiff in error, *vs.* C. O. JOINER, defendant in error.

In an action of trover for a watch, it appeared that the true owner of the watch was the plaintiff—a married woman—that her husband had pawned it to secure $150 00 advanced to him upon it by the pawnee, that at the time of the pledge the husband had waived, in writing, his right to thirty days' notice, etc., as required by section ...... of the Code, in case the debt was not paid, and that the pawnee, on the failure to pay the loan, had sold the watch, by an auctioneer, to the highest bidder, but without the thirty days' notice to the pawner, and that the defendant was the highest bidder, and was now in possession, and had refused to deliver to the plaintiff. There was evidence that the wife had authorized the husband to raise money on the watch, but there was other evidence contradicting this. The Court charged the jury, that even if the wife had authorized the husband to raise money on the watch, this would not authorize him to waive the provisions of the law, as to notice, and mode of sale in case of default, and that her title would not be divested unless the sale was in pursuance of the statute.

He further charged that the measure of damages was the value of the watch, and refused to charge as requested, that, if the husband had uathority to pledge it to raise money, the wife could not recover until she paid the amount advanced.

*Held*, 1. That the mere authority to raise money on the watch did not authorize the husband to consent to the sale except in the ordinary mode after due notice as required by the statute.

2. That the title of the plaintiff was not divested by the sale without the notice, etc., required by the Code.

Van Arsdale *vs.* Joiner.

3. That the plaintiff could recover without paying or offering to pay the money borrowed, even if the husband had authority to raise money by pledging the watch, as the sale was a conversion.

4. That the defendant acquired by his purchase every right of the pawnee, and was entitled to reduce the damages by the amount of money due the pawnee, since, if the husband had authority to raise the money as the agent of the wife, her damages from the conversion was the value of the watch less the money advanced thereon by the agent.

5. That, as there was evidence *pro* and *con* as to the authority of the husband to pledge the watch, it was the right of the defendant to have the law charged to the jury in both aspects of the case, and as the Court charged the jury that the measure of damages was the value of the watch in any event, this was error and the Judge erred in not granting a new trial.

Bailment. Pawn. Husband and wife. Damages. Before Judge HOPKINS. Fulton Superior Court. October Term, 1870.

Mrs. Joiner brought trover against Van Arsdale for a watch. She proved by her father that he gave the watch to her, that Van Arsdale had it and would not give it up, and that it was worth $375 00. Mrs. Joiner testified to the same facts, and that she loaned the watch to her husband for a few hours, and he pawned it to some one without her knowledge or consent. Mr. Willis testified that the husband applied to him for $150 00 and got it by pawning the watch; that when the note was due and unpaid he had the watch advertised, and in seven or eight days it was sold by an auctioneer for $205 00, which was about its value; the expenses of sale and note were paid, and the balance of the proceeds was paid to the husband. He had represented himself as owner, and Willis knew nothing of his wife's claim till after such sale and settlement, when she told him that the watch was hers, but that she had let her husband have it to raise some money upon. The auctioneer testified to the fairness of the sale, etc., saying the watch was well advertised for five or six days. Defendant's counsel read in evidence the obligation given by Joiner when he got the money. It authorized the

Van Arsdale vs. Joiner.

pawnee to sell at public or private sale, or otherwise, at their option, and without notice, if he failed to pay the $150 00 when due. It was shown that Van Arsdale bought the watch at said sale.

The evidence being closed, defendant's counsel requested the Court to charge the jury, that if plaintiff made her husband her agent to raise money on the property, by pledge, or otherwise, and he did pledge it under such authority, the plaintiff cannot maintain an action for trover for the property until she had paid the debt for which the property was pledged, and thus terminated the bailment. This charge the Court refused to give, and charged as follows: " If it should appear that the watch was given to the wife, it would be her property, and if it was converted by another to his own use, she could sue for the conversion in her own name. If she loaned it to her husband to wear temporarily he would not have the right to pledge it for money, and if he did so, and it was sold to satisfy the debt for which it was pledged, that would not divest the title, and this action could be maintained against the purchaser at the sale if he failed and refused to deliver it after a demand was made for it. If she gave it to the husband for the purpose of raising money on it, and he pledged it to raise the money, and under and according to the law of the State it was sold, that would divest the title, and this action could not be maintained. In order to make the sale valid in this case it must have been sold in public, after reasonable notice to the public, to the highest bidder, and fairly conducted, and after thirty days' notice to the person who pawned it. If you find for the plaintiff, your verdict will be for the value of the property, and to that interest may be added. If your verdict be for the defendant you will simply say so."

The jury returned a verdict for the plaintiff for $375 00.

Defendant's counsel moved for a new trial, upon the grounds that the Court erred in his charge as to the legal requirements of a valid sale by a pawnee, and as to the

measure of damages under the facts, and in not charging as requested; and because the verdict was contrary to law, etc. The new trial was refused, and error is assigned on said grounds.

HILLYER & BROTHER, for plaintiff in error. Husband was plaintiff's agent, and had right to pawn the watch: R. Code, secs. 2112, 2168, 2170, 2179. Provisions of sec. 2112, as to sale, are only directory: 27 Ga. R., 167. Damages: Benjamin on Sales, 591, 592.

COLLIER & HOYT; P. L. MYNATT, for defendant. Section 2112 is imperative. Irregularity in non-judicial sales, avoids them: Story on Bailments, sec. 310. If the law was complied with, it would not divest wife's title, because watch was part of her paraphernalia: R. Code, secs. 1779, 1774.

McCAY, Judge.

In one view of this case, it is *all* for the defendant in error. If the watch was hers, and her husband had no authority from her to pledge it, then it is clear that she has a full right to recover its full value, with interest from the date at which the value is ascertained.. But there was *some* evidence before the jury that she had authorized her husband to raise money on the watch. This would clearly confer on him the power to pawn it as security for the money; and the defendant in the suit had the right to have the law, in this aspect of the case, presented to the jury. In this aspect of the case, her rights depend upon the fact that the husband was her agent, and she is bound by all his conduct within the scope of his authority. It is a fact that he did not represent himself as an agent, but treated the watch, as well as the contract he was making, as his own. This he had no authority to do. The best that can be said for the plaintiff in error, is, that if the husband had authority to pledge, then the pawnee got every right that authority clothed him with

power to confer, just as though he had acted avowedly as the agent of the wife: Code, section 2178. Suppose he had done this. Suppose he had told the pawnee the truth. "This is my wife's watch, and she has authorized me to raise money on it." Can it be contended that the pawnee was not bound to inquire into the extent of the power? Would not the law be clear that the authority would only authorize a pawn in the usual manner?

What is the usual mode? The pawnee advances the money, and if the debt is not paid as agreed, the pawnee may, on thirty days' notice, sell, etc. The waiver of notice is the exception, (see Code, section 2112) and an exception of very doubtful policy. Indeed, as it seems to us, if the husband had frankly told the pawnee what his authority was, no prudent pawnee would, from that authority, deduce the power to waive the notice.

The agent must act within his authority reasonably construed. Code, 2158. This would be a special agency for a particular purpose, and in such cases it is the duty of one dealing with the agent to examine his authority. Code, section 2158.

We concur, therefore, with the Judge, that the husband had only the right, under this authority, to pledge in the usual mode, and that any special contract, different from the usual, ordinary results growing out of a pledge, was beyond his authority.

Hence, the sale without notice was illegal; the title of the true owner was not divested. The sale was a conversion, and the right of Mrs. Joiner to sue was complete. She was not bound, as a condition precedent to her right of action, to tender the money borrowed. The conversion of the property to a use adverse to that she had authorized gives her a right to sue.

But what, in such a case, is the true measure of damages? Is it the value of the watch? Has she been injured to that extent? We think not. She has elected to take damages.

What damages? Surely only the damages she has suffered. If she clothed her husband with power to raise money on the watch, she has only suffered by the conversion what the watch was worth above the money her agent procured upon it. This is clearly the result of the authorities upon this question: Benjamin on Sales, 592; 15th Mass. Rep., 408.

Whilst, therefore, we concur with the Judge, as to the right of Mrs. Joiner to sue for the conversion, we do not concur in his ruling as to the measure of damages, if the jury should find the husband had authority to raise money on the watch.

Judgment reversed.