2097. SCOTT *v.* GLOVER & COMPANY *et al.*

1. The plaintiff proved his case as laid, and the court erred in awarding a nonsuit.
2. When the seller of personal property on credit takes notes payable in instalments for the purchase-price, and retains the legal title as security for his debt, he may rescind the conditional sale and recover the property in trover (doing equity as to any payments made), as soon as any part of the purchase-price becomes due and remains unpaid.

Trover; from city court of Cordele—Judge Strozier. August 10, 1909.

Submitted December 2,—Decided December 10, 1909.

*Walter F. Hall,* for plaintiff. *Pearson Ellis,* for defendants.

POWELL, J. The plaintiff sued in trover for certain machinery. After the maturity of one or more of the notes hereinafter referred to, he demanded the property, and the defendants refused it. The plaintiff introduced in evidence notes aggregating $600. Several of the notes were due at the date the suit was filed, but two of them, aggregating about $200, were not. Also an instrument reciting that the plaintiff, in consideration of the sum of $600, evidenced by the note mentioned above, "hereby sells and conveys" to the defendants the property in dispute; but further reciting that "it is distinctly understood between the parties that the title to said property shall remain in the party of the second part [the plaintiff] until the purchase-price hereinafter described shall have been paid, but in the event either or any of the said notes shall become due and payable and parties of the first part shall either fail or refuse to pay the same promptly at maturity, then party of the

second part may, at his option, declare the whole amount of said indebtedness due and payable at once, and shall be authorized to proceed with his remedies at law for the collection of same, time being hereby made of the essence of the contract for this purpose."

Nonsuit was moved on two grounds: "(1) Because the contract introduced by the plaintiff as the basis of recovery was insufficient, in that said contract, on account of contradictory clauses therein, did not amount to a conditional sale reserving title in the plaintiff, but did convey the title absolutely into the defendants. (2) Because the action was prematurely brought, in that it was brought before the maturity of the last instalments of the purchase-price, as shown by the contracts and the notes introduced in evidence." The court sustained the motion.

The contract was plainly a sale reserving title, or, as it is commonly called, a conditional sale; and it was adequate to support trover in the plaintiff's behalf. Read as a whole (and, of course, contracts are so to be read for the purpose of construction), its terms are not contradictory, but clearly evince the intention of the parties that the seller should part with the possession of the property,—should sell it,—but should retain the legal title in himself as security for the purchase-money. Indeed, we may say that it seems to us that the instrument is very aptly and skillfully drawn.

When personal property is sold, and the seller retains the title as security for his purchase-money, and the indebtedness matures in instalments, he may proceed to rescind the sale and to recover possession of the property as soon as any of the instalments become due and remain unpaid. *Harden* v. *Lang*, 110 *Ga.* 392, 397 (36 S. E. 100), and cases therein cited. Of course the seller, upon rescinding, would be liable to account equitably for whatever sum the payments made by the purchaser might exceed the hire of the property. *Hays* v. *Jordan*, 85 *Ga.* 741 (11 S. E. 833, 9 L. R. A. 373). *Judgment reversed.*