### 10543. MALSBY & COMPANY v. WIDINCAMP.

STEPHENS, J. 1. A vendor of personal property impliedly warrants the title thereto, and a bona fide purchaser thereof for value, without notice of any infirmity in the vendor's title, will be protected against loss on account of the same.

2. "If one with notice sell to one without notice, the latter is protected; or if one without notice sells to one with notice, the latter is protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value." Civil Code (1910), § 4535.

3. Where, in a suit against the purchaser of personal property, instituted by a third party for the purpose of enforcing a lien against the property arising prior to the sale, the purchaser vouched the seller into court to defend the title, by notifying the latter's attorney of the pendency of the suit, if the attorney so notified did not at the time represent the seller, and the seller was not, by the notice served upon such attorney, properly vouched into court, yet if the attorney did, with authority from the seller, appear and defend against the attempt to establish the lien, and, though apparently representing the purchaser, the nominal party to the suit, the attorney was in fact representing the seller, the action of the seller in thus appearing and defending the title may be considered as a ratification by the seller of the act of the attorney in receiving and accepting the original notice from the purchaser, and the seller will be considered as having been vouched into court by the purchaser and called on by him to defend the title.

4. The instant case being a suit by the original seller against the purchaser to recover the purchase price of the personal property in question, as evidenced by a promissory note, the purchaser will, after having so vouched his vendor into court, be entitled to set off against the balance due on the purchase price the amount of such judgment establishing the liens which the purchaser may have paid off.

5. While the declarations of an agent are incompetent to prove agency, yet, where there is testimony otherwise to establish this fact, such declarations may be admitted as corroborative of such testimony. Where there is evidence to the effect that such attorney represented the seller at the time when the former was notified by the purchaser of the pendency of the suit to establish a lien upon the property, and that such attorney, when appearing in such suit for the purpose of resisting the effort to establish such lien, was acting for and under authority of the seller, it was not error to admit in evidence declarations made by such attorney as to the fact of agency, or as to the other matters relative thereto, made at the time of such notice or during the pendency of the litigation.

6. The defendant in his evidence having particularly described certain items of expense incurred by him, it was not error to fail to exclude from evidence certain written memoranda containing the amounts of these items, upon the ground that in such memoranda these items were not particularly described.

7. Evidence that the plaintiff made an offer to the defendant to credit against the purchase-money the amount which the defendant may

47

have paid on the judgments obtained by the lienors, upon condition that the defendant would pay the balance then due on the purchase-money with interest, amounted to an offer to compromise by the plaintiff, and was therefore prejudicial to plaintiff's case and inadmissible. *Georgia Railway & Electric Co.* v. *Wallace,* 122 *Ga.* 547 (1) (50 S. E. 478).

8. The charge of the court was calculated to confuse the jury as to the law applicable to the case, and for this reason was error, as set out in the 11th and 12th grounds of the amendment to the motion for new trial.

9. The determination of the case having depended upon issues of fact, and the trial judge having admitted certain testimony prejudicial to the plaintiff in error, and having erred in his charge respecting matters material to the issues, a new trial must be granted.

> *Judgment reversed. Jenkins, P. J., and Smith, J., concur.*
> DECIDED FEBRUARY 7, 1920.

Complaint; from Tattnall superior court—Judge Sheppard. March 22, 1919.

*W. T. Burkhalter, A. M. Brand,* for plaintiffs in error.

*H. C. Beasley, James K. Hines,* contra.