## 16128. FRANKLIN *v.* TANNER.

STEPHENS, J. 1. Since a creditor who has retained title to personalty to secure the indebtedness has an interest in the property only to the extent of the unpaid debt, and can only to that extent recover in trover for the conversion of the property against one who is not a wrongdoer but who has acquired the property by purchase from the debtor (*Atlantic Coast Line R. Co.* v. *Gordon Co.,* 10 *Ga. App.* 311, 73 S. E. 594; *Farmers & Merchants Bank* v. *Hamilton,* 30 *Ga. App.* 194 (4), 117 S. E. 287), and since a landlord's interest in the title to crops grown by his cropper is only to the extent of the value of the landlord's portion of the crops, as well as of any indebtedness for advances made to the cropper (Civil Code (1910) § 3705; *Way* v. *Bailey,* 18 *Ga. App.* 57, 88 S. E. 799), it follows that a landlord, who has not settled with his cropper but has received only a part of the crops to which he is entitled and whose interest in the remaining crops is in an amount less than their value, can, in a trover suit for their conversion against a third person, who has acquired them by purchase from the cropper, recover only to the extent of the amount of his claim against the cropper. The court did not err in so instructing the jury.

2. This ruling is not in conflict with the case of *Kirkland* v. *Wallace,* 29 *Ga. App.* 238 (114 S. E. 649). There it was held that a landlord can maintain trover against a third person for a conversion of the property by purchase from the cropper, notwithstanding the bona fides of the transaction; but no question as to the amount of the plaintiff's recovery was presented.

3. Other than an exception to the charge of the court, no error is insisted upon. The overruling of the plaintiff's motion for a new trial will therefore be affirmed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 20, 1925.

Trover; from city court of Sandersville—Judge Goodwin. November 17, 1924.

*Evans & Evans,* for plaintiff.

*E. W. Jordan,* for defendant.