THOMAS *et al. v.* CLOSE.

No. 9747. OCTOBER 10, 1933.

732

*William E. Mann* and *W. Gordon Mann,* for plaintiffs in error.
*M. J. Hale* and *Gus A. Wood Jr.,* contra.

GILBERT, J.   Counsel for the movant, in their brief, suggest that the many grounds, all complaining of the refusal of the court to

admit testimony of named witnesses, may be considered together. This, we construe, applies to the special grounds. The general grounds are not mentioned in the brief. The special grounds are subject to the criticism that they violate the rule against setting out colloquies of court and counsel, having no materiality on the correctness of the ruling. The motion is also imperfect because, in some instances, in complaining of the rejection of evidence there is a failure to show what answer the witness was expected to make, and in others the inclusion in the evidence ruled out of a large number of answers and statements from the witness, some of which might have been admissible, and others of which were inadmissible. Attention is called to this matter because of the important rule of practice involved. However, it is clear that the court did not err in refusing to admit testimony of the witness Hargraves as to any facts material to the defense that Mrs. Thomas signed the note and deed as security for her husband's debt. Under the facts developed, Hargraves was certainly the agent of Thomas, and in addition he was an indorser of the note and interested in the result, and the transaction about which it was sought to have him testify was with G. P. Close, deceased, the administratrix of whose estate was the plaintiff. The suit being by the administratrix, and Hargraves being the agent of Thomas and himself interested in the result of the suit because of being indorser on the note, his testimony was inadmissible. If there are other portions of the testimony of Hargraves which might have been admissible, the judgment will not be reversed on that account, for the reasons stated above, and also for the reason that, other than as showing the transaction on the part of Mrs. Thomas to be that of security for her husband, the testimony was of no value to movant. The seventh ground has reference to the refusal to admit in evidence certain checks showing the signature of Mrs. Rudie Thomas, payable to G. P. Close, and purporting to be indorsed by G. P. Close. Even if the facts stated in this ground had been permitted to go as evidence to the jury, standing alone they could not have affected the result, no fact authorizing a finding by the jury that the amounts represented by the checks were paid on the debt evidenced by the note sued on. None of the remaining grounds of the motion show error.

*Judgment affirmed. All the Justices concur.*