*J. Lon Duckworth, Samuel J. Boykin,* for plaintiff in error.
*Emmett Smith, solicitor,* contra.

### 22518. GENERAL MOTORS ACCEPTANCE CORPORATION *v.* COGGINS.

DECIDED MARCH 31, 1934.

24

*Harry S. McCowen,* for plaintiff. *Eldon Haldane,* for defendant.

SUTTON, J. ■ Without deciding whether the insecurity clause in the conditional-sale contract in this case is valid and enforceable under the facts of this case, or whether or not the company properly exercised its rights thereunder in retaking the automobile, when the plaintiff company brought its bail-trover proceeding against the defendant and took possession of the automobile sold to the defendant under the conditional-sale contract, it rescinded the contract of sale between its transferor and the defendant, and the defendant was entitled to have restored to him the amount paid

on the purchase-price of the automobile less its hire for the time he had the use and possession thereof and less any damage to the same or depreciation thereof in value. This is so regardless of any provision in the contract of purchase, giving to the vendor the right to take possession of the automobile on default in the payment of the purchase-money or in the event it deems the same in danger of misuse or confiscation and to sell the same at public or private sale and apply the proceeds to the unpaid purchase-money. The institution of the trover action by the plaintiff constituted, in law, an election on the part of the plaintiff to rescind the contract of purchase between its transferor and the purchaser, regardless of the provision in the contract that the seller shall have the right to enforce any one or more remedies, "successively or concurrently, and such action shall not operate to estop or prevent the seller from pursuing any further remedy he may have hereunder, and any repossession or retaking or sale of the property pursuant to the terms hereof shall not operate to release the purchaser until full payment has been made in cash." *General Motors Acceptance Cor.* v. *Coggins,* 178 *Ga.* 643 (173 S. E. 841).

■ The contention of the defendant that he is entitled to a verdict for the full amount of $287.50, the amount on the purchase-price of the automobile paid by him, there being no proof on the trial of the case as to any hire due by the defendant, or any damage to the automobile or depreciation thereof in value, during the time the defendant had the possession and use thereof, and that the verdict in his favor for $175 was therefore not correct, is wholly without merit and can not now be considered by this court. The jury returned a verdict in favor of the defendant for $175, and there was no exception by the defendant to that verdict. The defendant can not, after a verdict has been returned in the lower court in his favor, and after plaintiff's motion for a new trial has been overruled, and that judgment affirmed by the appellate division of the lower court and certiorari from that judgment overruled, complain for the first time, when the case reaches this court for final disposition, that the verdict and judgment in his favor were too small and that he was entitled to a verdict for $287.50 instead of a verdict for $175 as rendered.

■ It necessarily follows that the judgment of the superior court overruling plaintiff's petition for certiorari was correct.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*