## 27368, 27369.  SHIPP *v.* GENERAL DISCOUNT CORPORATION; and *vice versa.*

DECIDED MAY 26, 1939.

*Durwood T. Pye,* for Shipp.

*Hugh M. Dorsey Jr., Dorsey, Stubbs & Dorsey,* contra.

MacINTYRE, J.  The defendant, Shipp, purchased a Buick automobile, paying $274 in cash, and the seller, Hall, accepting a Chevrolet automobile as the equivalent of a payment of $275.  The defendant signed a note and a retention-of-title contract for the balance, which was later transferred by the dealer to the General

Discount Corporation. The General Discount Corporation sued in trover, alleging that the property was of the value of $548, and by amendment alleged that the reasonable rental value of the car was not less than $50 per month, or $550 for the time the car was in the defendant's possession, and in addition it was alleged that the car had depreciated in value more than $200 above its reasonable rental value. The plaintiff elected to take a judgment for the property. The defendant filed his answer denying that the automobile was of the value of $548, but on the contrary alleged that it was practically worthless at the time it was sold to him, and set up in his plea that the conditional-sale contract for the Buick car was rescinded by the plaintiff when it brought this suit in trover and elected to take a verdict for the property; and that the plaintiff became liable to the defendant for the amount of the payments which he had made on the purchase-price, less a reasonable sum for hire of the automobile during the time the defendant had it in his possession, and less also any depreciation in the value of the automobile by damages or injury over and above ordinary wear and tear which it might have sustained while in the defendant's possession, and the defendant alleged a readiness on his part to account for the hire, and to do equity under this issue formed by the pleadings.

■ The judge charged the jury, in part, as follows: "If, in this case you find that that is the contract [the conditional-sale contract in question] between these parties, that they agreed to that contract, then I charge you, gentlemen, in this case, that the only legal verdict that can be rendered in this case would be a verdict for the plaintiff and against the defendant for the property in controversy, because, gentlemen, it appears in this case, without contradiction, that the value of the automobile is of a less value than the balance due under the terms of the contract. So, if you should find in this case that that is the contract between these parties, the only legal verdict that you could render in the case would be a verdict for the plaintiff and against the defendant for property in controversy." Counsel for the defendant in error contends that the court did not err in so charging, and cites the case of *Harrison* v. *Central Georgia Automotive Co.,* 31 *Ga. App.* 603 (121 S. E. 689), as authority for this contention. It should be noted that in the *Harrison* case the plaintiff in the trover suit sought to recover a

money verdict. The rule as laid down in the excerpt of the charge quoted above is not adjusted to the pleadings and the evidence in the case sub judice. Generally, in a trover suit by the vendor to recover property sold under a retention-of-title contract, where the plaintiff elects to take a money verdict and the purchaser keeps the car, all that the seller, in equity and in good conscience, is entitled to recover is the balance due on the purchase-price of the car (and of course, under some circumstances, interest and hire), and no other accounting is necessary. In the *Harrison* decision the court was applying this rule to a case in which the property was sold under a short-order sale as provided in the Code, § 107-204: "that in case the property shall be sold, the plaintiff, in case of recovery, shall be entitled to only a money verdict for the amount of the proceeds of such sale, together with hire or interest from the date of conversion to the date of seizure, if the jury shall so find." The court held, that, the proceeds of the sale being less than the debt, the plaintiff was entitled to a verdict for the full amount of the proceeds of the short-order sale. See also *Standard Motors Finance Co.* v. *O'Neal,* 35 *Ga. App.* 727, 729 (134 S. E. 843). But, as in the instant case, where the seller retakes the car and deprives the purchaser of his possession of it, then, in order to do equity to both parties, a different rule must be applied; and this rule is that when the plaintiff, the assignee of the seller of the automobile, rescinded the conditional-sale contract by electing in his bail-trover suit to retake the automobile, he was not treating the contract as in force but was treating it as rescinded and ended, and the plaintiff became liable to the defendant, the buyer, for money had and received in the amount of the partial payments which were made on the purchase-price, less a reasonable sum for hire of the automobile during the time the purchaser had possession of it, and less any depreciation in the value of the automobile by damage or injury, over and above the ordinary wear and tear, which it may have sustained while in the hands of the purchaser. *Snook* v. *Raglan,* 89 *Ga.* 251 (15 S. E. 364); *Enterprise Distributing Corporation* v. *Zalkin,* 154 *Ga.* 97, 109 (113 S. E. 409); *Standard Motors Finance Co.* v. *O'Neal,* supra. See also *General Motors Acceptance Corporation* v. *Coggins,* 49 *Ga. App.* 23 (174 S. E. 260), which was based on *General Motors Acceptance Corporation* v. *Coggins,* supra, answering a certified question from this court relative to a

recovery where the seller·rescinds a conditional-sale contract by bringing a trover suit and takes the property.

The court seems to have tried the instant case upon a theory different from that invoked and set up in the defendant's answer, and in the above-stated excerpt charged the jury in a manner not adjusted to the issues made by the pleadings and the evidence, and in so charging committed reversible error. *Small* v. *Tidwell,* 142 *Ga.* 496 (83 S. E. 126).

■ We come now to the question raised in the cross-bill of exceptions. The plaintiff tendered an amendment to its petition, alleging that the conditional-sale contract provided that on default by the defendant purchaser the plaintiff might repossess this car, sell it, and apply the proceeds of the sale on the balance due, accounting to the purchaser for any of the proceeds of such sale over and above this figure (the balance due) ; that the defendant refused to surrender his car for sale under this provision of their contract; that the plaintiff then sought to foreclose, and the defendant unlawfully hid and concealed said automobile with the intention of preventing a levy of said execution by the marshal of the municipal court of Atlanta. The plaintiff further alleged that "under these circumstances the plaintiff was forced to either abandon its claim or force surrender of the property by a bail-trover. The plaintiff therefore filed an action of bail-trover reciting, however, that it was brought, not to assert a general title, but solely for sale under the provision of the contract. quoted above," and "that the defendant was thereby estopped to contend that the plaintiff had revoked his contract by bringing trover, because the defendant had intentionally forced the plaintiff to bring trover by unlawful conduct knowingly done for that very purpose." This amendment was disallowed, and it is this ruling which is the subject of the plaintiff's cross-bill of exceptions. The plaintiff was not entitled to prosecute its trover action for the purpose of taking possession of the property and selling it under the terms of the contract. The Supreme Court, in *General Motors Acceptance Corporation* v. *Coggins,* 178 *Ga.* 643, supra, so held, and overruled that line of decisions by the Court of Appeals which held to the contrary. The contentions in the cross-bill are not meritorious; for when the seller elected to proceed by trover and elected to take the property under such a proceeding, it could not prescribe or achieve

a different result from that prescribed by law. *General Motors Acceptance Corporation* v. *Coggins,* supra; *Land* v. *Hall,* 46 *Ga. App.* 404 (167 S. E. 711); *Stokes* v. *Wright,* 20 *Ga. App.* 325 (93 S. E. 27).

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Broyles, C. J., and Guerry, J., concur.*