## 28479. WORTHY *v.* WILLIAMS.

DECIDED NOVEMBER 29, 1940. REHEARING DENIED DECEMBER 16, 1940.

*Dykes, Bowers & Dykes,* for plaintiff.

*John A. Fort,* for defendant.

BROYLES, C. J.   C. S. Worthy, trading as Cordele Nehi Beverage Company, brought an action in trover against J. T. Williams Jr., to recover about 300 cases of Royal Crown Cola empty bottles, of the value of $400, to which the plaintiff claimed title.   The jury returned a verdict for the defendant.   The plaintiff's motion for new trial was overruled, and exception was taken to that judgment.

On the trial the defendant admitted that he was in possession of a portion of the bottles, but denied that plaintiff had title to them.   The plaintiff testified that he had title to them and introduced bills of sale executed by all of the Nehi bottlers (in the territory in which the defendant operated as a seller of soft drinks) conveying to the plaintiff title to all of the bottles in the possession of the defendant.   However, the jury were authorized to find from the evidence that the bottles in question were brought to the defendant's place of business by his truck drivers in lieu of bottles containing his products which had been sent out to his customers, and that it was the general practice of the bottlers and sellers of soft drinks to demand a deposit of two cents for every bottle sent out, and to exchange empty stray bottles of another dealer's product which had come into their possession for their own bottles, and that the defendant and the plaintiff had verbally agreed in conversations between them to such an exchange, bottle for bottle, or upon the payment of the two cents deposit for each bottle by the one who had no bottles to swap.   The evidence fails to show that the plaintiff ever paid, or tendered payment, to the defendant of the deposit money, or offered to exchange any of the defendant's bottles for the bottles sought to be recovered.   In our opinion, the testimony of the plaintiff that he had title to the bottles when he filed his action in trover was a mere conclusion.   Likewise, under the facts of the case, the bills of sale introduced did not as a matter of law show such title.   We think that when the plaintiff accepted deposits on the bottles (which amounted to an insurance that if the bottles were

not returned the deposits would be forfeited to the plaintiff), he no longer had a clear title to the bottles, and could not recover them in an action of trover until he had tendered to the defendant the deposit of two cents for each bottle of his in the possession of the defendant. The cases cited in the brief of counsel for the plaintiff in error are not applicable to the facts of this case. Indeed, this cause seems to be sui generis.

The sole special ground of the motion for new trial is based upon an excerpt from the charge of the court. In our view of the case the charge was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*