HEIST *et al. v.* DUNLAP & COMPANY.

*G. H. Howard* and *H. E. Edwards,* for plaintiffs.

*Tye, Thomson & Tye, R. A. Edmondson Jr., McElreath, Scott, Duckworth & Riley,* and *Haas, Gardner, Lyons & Hurt,* for defendants.

Reid, Chief Justice.  ██  The terms, "once a week for four weeks," "for four weeks," and "four weeks notice . . once a week for four weeks," are commonly used in security deeds in prescribing the amount of advertisement that is to be made in the execution of the power of sale vested in the grantee upon default in payment of the debt by the grantor.  These terms are also found in many of our statutes prescribing publication of notices by sheriffs, ordinaries, fiduciaries, and others of sales, etc.  See Code, §§ 39-1101, 49-112, 49-204, 49-314, 63-211, 85-1511, 94-102, 94-202, 94-206.  In § 39-1102, the General Assembly provided that as to laws requiring advertisements by sheriffs, administrators, etc., "for four weeks," or "once a week for four weeks," it would be sufficient thereunder to publish the notice "once a week for four weeks (that is, one insertion each week for each of the four weeks) immediately preceding the term or day when the order is to be granted, or the sale is to take place; and the number of days between the date of the first publication and the term or day when the order is to be granted or the sale to take place, whether more or less than 30 days, shall not in any manner invalidate or render irregular the said notice."  In accordance with this provision, this court, in *Bird* v. *Burgsteiner,* 100 *Ga.* 486 (28 S. E. 219), held that the requirement of § 39-1101 that sales by sheriffs under execution be advertised "weekly, for four weeks " was complied with by the insertion of the advertisement in each of the four calendar weeks preceding that in which the sale was had, although 28 days did not elapse between the date of the first insertion and the date of the sale. This was followed in *Conley* v. *Redwine,* 109 *Ga.* 640 (35 S. E. 92, 77 Am. St. R. 398) ; *Haynes* v. *Arnold,* 154 *Ga.* 377 (114 S. E. 300).  In *Carter* v. *Copeland,* 147 *Ga.* 417 (94 S. E. 225), this

464

court first had before it the proper construction of the term "once a week for four weeks," contained in a mortgage. Citing the Code, § 39-1102, the court said: "While this was not a judicial sale or a sheriff's sale, we think the provision in the power of sale as to notice, advertisement, etc., should be held to have the same meaning as it has in the acts relating to judicial sales which were in force at the time of the execution of the instrument containing the power." Thus, in arriving at the intention of the parties to the agreement, which is of controlling importance (Code, § 20-702), the court considered that the parties intended to attach to the phrase "once a week for four weeks" the same meaning that had been fixed by the General Assembly wherever it occurred in a statute. See *Proudfit* v. *Oliver,* 150 *Ga.* 707 (105 S. E. 241); *Bush* v. *Growers Finance Corporation,* 176 *Ga.* 99 (167 S. E. 105). This was further elaborated in *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (152 S. E. 85), where the deed provided for a sale of the property by the grantee upon his "first giving four weeks notice of the time . . of such sale, by advertisement once a week in a newspaper," etc. Holding that this provision was not in substance different from that considered in the former cases above cited, and following the rulings theretofore made, the court said: "It is strenuously urged by counsel for the plaintiff that section 6063 [39-1102] of the Code, which is taken from the act of 1891, just referred to, has no bearing in this case, for the reason that, this being a private power of sale, the parties had the right to make any provision with reference to the sale which might be necessary under the deed in question, without reference to the provisions of section 6063. There is much force in this argument. However, this court has construed words of doubtful meaning in powers of sale given by one individual to another in the light of the provisions of section 6063, and we are of the opinion that this was not done without good reason. In the absence of a very plain showing to the contrary, it must be assumed that two citizens dealing with each other as individuals would most naturally wish to follow the mode of procedure used in sales made by authority of law. They would naturally rely upon experience which resulted in the creation of the law, and rely upon the wisdom of the law. So we repeat, in cases of doubt as to the meaning of terms used in a private contract, it would generally be safe to assume that the parties intended

to go the ordinary path." This was followed in *Smith* v. *Associated Mortgage Companies Inc.*, 186 *Ga.* 121 (supra), where the deed in question involved identical language.

In the present case the security deed, a sale under which it is sought to set aside, contains the same provision as found in the two cases last cited. The plaintiffs insist, however, that the *Plainville Brick Company,* and *Smith* decisions are erroneous, and leave is asked that they be now reviewed and overruled, and that it be held that a provision of the character mentioned means that at least twenty-eight days must elapse between the date of the first advertisement and the date of the sale.

Even if it should be conceded that in the two cited cases, by an unsound course of reasoning, we affixed an erroneous meaning to such a provision—that we substituted a new and different meaning than the words used would normally convey, as contended by counsel for the plaintiffs, we think the safest course to be pursued now is to assume that parties in using this provision did so in the light of, and intending that it should have the legal meaning evolved by, these adjudications. 21 C. J. S. 396, § 216; 12 Am. Jur. 764, § 238; 12 Am. Jur. 769, § 240. In re American Steel Supply Syndicate Inc., 256 Fed. 876, it was said: "If . . it has been authoritatively decided that certain language in one such contract indicates a certain intention, such intention must be inferred from the use of such language in other similar contracts." See Moore *v.* Life & Casualty Insurance Co., 162 Tenn. 682 (40 S. W. 2d, 403); Home Insurance Co. *v.* Smither, 199 Ky. 344 (251 S. W. 169). The doctrine of stare decisis seems especially applicable here. *Shaw* v. *State,* 60 *Ga.* 246; *Almand* v. *Almand,* 95 *Ga.* 204 (22 S. E. 213). This provision is one commonly employed in the execution of security deeds; and it is expedient that the court, having once had it under construction, should thereafter abide by the meaning then placed on it. If the parties to an agreement desire to provide differently, they are of course at liberty to do so by appropriate words in the contract.

The plaintiffs insist that to construe the contract as was done in the *Plainville Brick Co.* and *Smith* cases amounts to an unconstitutional impairment of the contract. We see no merit in this. The fundamental error in the argument is that it assumes that in following those decisions we place a meaning on the contract not

intended by the parties. The security deed in question was executed after the decision in the *Plainville Brick Co.* case; and we simply hold, in reference to the present contract, that it should be assumed that the parties contracted in the light of that decision; and that in this view, *their actual intention,* in using the provision so construed, was to express the meaning that the court had attached to it. If, in seeking the intention of the parties, we do not err in assuming, as a guide to a proper construction of the contract, that the parties contracted in the light of that decision (and we do not think that we do), it follows that should we now overrule it and place some other meaning on the provision, as contended for by the plaintiffs, we would adopt a meaning different from that intended by the parties. This is not a case of construing the terms of a contract in accordance with a statute or judicial decision passed or decided after the contract was entered into. The request to review and overrule the *Plainville Brick Co.* and *Smith* cases is denied.

■ The plaintiffs contend that under the accelerating clause vesting in the grantee the right, at his option, to declare the whole amount due for non-payment of principal, interest, or taxes, it was necessary before exercising the power that the grantee give notice to the grantor of his election to treat the whole amount as due. It seems to be generally held, and we think properly so, that under a stipulation providing for acceleration of the due date of the debt, at the option of the grantee, upon default of the grantor in the payment of one installment, it is not essential that before exercise of the power, or before foreclosure, the grantee give the grantor notice or make demand for the past-due installment, but that the advertisement under the power, or institution of a foreclosure action, is sufficient notice of the grantee's election under the option. 36 Am. Jur. 884, § 393; Heerin *v.* Smith, 276 Ill. App. 438; Mercantile Trust Co. *v.* San Joaquin Agricultural Corporation, 89 Cal. App. 558 (265 Pac. 583) ; Meredith *v.* Long, 96 Fla. 719 (119 So. 114) ; Albertina Realty Co. *v.* Rosbro Realty Cor., 258 N. Y. 472 (180 N. E. 176) ; Chinn *v.* Penn, 179 Cal. 153 (175 Pac. 687) ; Console *v.* Torchinsky, 97 Conn. 353 (116 Atl. 613). Cf. *Buckeye Buggy Co.* v. *Dickey,* 122 *Ga.* 290, 292 (50 S. E. 66) ; Code, § 3-106.

■ The deed also vested in the grantee a power of sale, "Should the debt secured hereby or any part thereof not be paid when it

becomes due and payable." The plaintiffs make the further point that the word "debt" refers to principal, and not to interest, so that the grantor had no authority to exercise the power, as was done, for a failure to pay an installment of interest. While it is generally ruled that the word "debt" includes the principal and interest thereon (*Park* v. *Candler,* 114 *Ga.* 466 (40 S. E. 523); *Trustees of Williams Hospital* v. *Nisbet,* 191 *Ga.* 821, 850 (14 S. E. 2d, 64); Thronateeska Pecan Co. *v.* Matthews, 277 Fed. 361), even if it be assumed that the word refers only to principal, since, under the accelerating clause the grantee had the right to declare the principal due upon non-payment of an installment of interest, the power was not improperly exercised.

The judge did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*