30425. WEST *v.* MYERS-DICKSON FURNITURE COMPANY.

DECIDED MARCH 11, 1944.

*John W. Bolton, R. A. Gilbert,* for plaintiff in error.
*A. C. Latimer,* contra.

FELTON, J. Myers-Dickson Furniture Company sued Pansy West on a retention-of-title contract to recover the balance due for the purchase-price of the articles therein described. The defendant filed a plea in abatement, plea of res judicata, and plea in bar, which were overruled, and a final judgment was rendered against the defendant. Her motion for a new trial in the civil court of Fulton County was overruled, and she excepted to that judgment and assigned error on the exceptions pendente lite to the overruling of the special pleas also. The appellate division affirmed the trial court's judgment, and Pansy West excepted.

The plea in bar alleged that the company had previously instituted a trover suit based on the identical retention-of-title contract, in which action a judgment was rendered for the defendant on the ground that the plaintiff had proceeded on the wrong kind of action. The evidence in the trover suit showed that the property involved had been destroyed by fire before the trover suit was filed, and showed also that the company instituted the action for the purpose of obtaining a money judgment to avoid a defeat of its collection by the bankruptcy of the defendant.

An action in trover is inconsistent with an action on the retention-of-title contract to recover the purchase-money on the theory of an affirmance of the contract and of title in the defendant. *Land v. Hall,* 46 *Ga. App.* 404 (167 S. E. 711). The action in trover was a rescission of the contract. *General Motors Acceptance Cor. v. Coggins,* 178 *Ga.* 643 (173 S. E. 841); *General Motors Acceptance Cor. v. Coggins,* 49 *Ga. App.* 23 (174 S. E. 260); *Babb v. McKinnon,* 185 *Ga.* 663 (196 S. E. 488). If the company instituted the trover action with knowledge of the facts, it is a bar to the present action; and if the facts are such that the question whether it instituted the action with knowledge of the facts is immaterial, it is likewise a bar. The evidence shows without dispute that the trover action was filed with the intention of the plaintiff to elect a money verdict. In view of this, the fact that the furniture had been destroyed by fire was immaterial in so far as the plaintiff's rights were concerned. The fact that the furniture had been destroyed would not have prevented the company from obtaining a money judgment, and was not a valid ground for the judgment of the court that the plaintiff had brought the wrong kind of action. If the plaintiff had instituted the trover action in

ignorance of the fact that the furniture had been destroyed, for the purpose of electing a property verdict, then there would be some merit to the contention that the trover action should not be a bar to the present action. The plaintiff in the trover action could have proceeded to judgment and could have obtained a money judgment, which the evidence shows it wanted. Therefore its remedy was to appeal from the adverse decision in the trover action. Since the plaintiff company acquiesced in the decision, without its having been set aside, it is binding on the company and is a bar to the present action on the contract. The appellate division of the civil court of Fulton County erred in affirming the judgment of the trial court.

■ In the absence or disqualification of the presiding judge of the civil court of Fulton County, appellate division, either of the associate judges may perform the duties of the presiding judge. It appears here that the presiding judge was absent on account of illness, and that the certificate to the bill of exceptions was signed by one of the judges who presided at the hearing in the appellate division, and is in conformity with the statute (Ga. L. 1933, p. 294) ; and there is no merit in the motion to dismiss the bill of exceptions for improper certification.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*