36852. CARTER *v.* GENERAL FINANCE & THRIFT CORPORATION.

DECIDED SEPTEMBER 27, 1957.

*Joe Salem,* for plaintiff in error.

*Currie, McGhee & Weltner,* contra.

FELTON, C. J. ∎ The plaintiff admits that he had not made the monthly payments called for under the contract on their due dates, but contends that by the defendant's continual acceptance of payments less than the sums due and on dates after they were due, the parties had through a course of dealing modified the contract respecting these monthly payments and that before the defendant could hold the plaintiff to a strict compliance with the terms of the contract, the defendant was required, under the authority of Code § 20-116, to give the plaintiff the required notice, which the plaintiff contends the defendant never gave. The plaintiff further contends that the defendant never gained possession of the automobile for the purpose of repossession and sale under the terms of the contract but had merely regained possession of the automobile for the purpose of storage until the plaintiff brought his account to a current basis.

A departure from the terms of a contract relied on to require notice of intention of strict compliance must be mutual between the parties and must have been intended. *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695, 704 (4) (58 S. E. 200); *Southern Feed Stores* v. *Sanders,* 193 *Ga.* 884 (3) (20 S. E. 2d 413). The question of mutual departure is generally one for a jury to determine. *Mauldin* v. *Gainey,* 15 *Ga. App.* 353 (5) (83 S. E. 276); *Craig* v. *Craig,* 53 *Ga. App.* 632, 635 (2) (186 S. E. 755); *Haynie* v. *Murray,* 74 *Ga. App.* 253 (2) (39 S. E. 2d 567); *Prothro* v. *Walker,* 202 *Ga.* 71 (1a) (42 S. E. 2d 114). The court was authorized to find that the defendant had not intended to depart from a strict compliance with the contract regarding the time and amount of monthly payments by accepting payments which were not on time and were not in the full amount, especially in view of the evidence that during the life of the contract the defendant had made or had attempted to make forty-two contacts with the plaintiff regarding the status of his account.

■ The court was further authorized to find that the defendant gained possession of the car from the plaintiff for the purpose of repossession and sale under the default provision of the contract. The plaintiff alleged in his petition that at the time he brought the automobile in to the defendant's office at their request, he was informed by the defendant that they would not refinance the automobile but that he would have to pay the entire balance due before the defendant would allow the plaintiff to take possession of the automobile. There was also evidence on the part of the defendant that their intention was to repossess the automobile for the purpose of sale rather than to store the automobile until the plaintiff could put his account on a current basis. So long as an allegation remains in a plaintiff's petition, such allegation is conclusive against him. *Head* v. *Lee,* 203 *Ga.* 191, 203 (8) (45 S. E. 2d 666) ; *Mitchell* v. *Arnall,* 203 *Ga.* 384, 386 (8) (47 S. E. 2d 258). Thus, where the plaintiff alleged that when he brought the car into the defendant's office the defendant demanded that the account be paid in full, the plaintiff's testimony that on that occasion the defendant only requested a payment to bring the account to a current basis was without probative value and could not be considered by the court.

The defendant was not required to give the plaintiff notice that it was going to repossess the automobile in accordance with the terms of the contract. *Heist* v. *Dunlap & Co.,* 193 *Ga.* 462, 466 (3) (18 S. E. 2d 837).

A repossession under the terms of a contract does not in itself rescind the contract. *Barrett* v. *Distributors Group, Inc.,* 85 *Ga. App.* 529 (2) (69 S. E. 2d 810) ; *Dickerson* v. *Universal Credit Co.,* 47 *Ga. App.* 512 (170 S. E. 822).

Since the evidence authorized the judgment, the court did not err in denying the motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*