37859.   COMMERCIAL TRUST COMPANY, INC.
*v.* MATHIS.

DECIDED OCTOBER 15, 1959—REHEARING DENIED NOVEMBER 4, 1959.

*Smith, Field, Doremus & Ringel, Palmer H. Ansley, H. A. Stephens, Jr.,* for plaintiff in error.

*H. L. Bradford, Kyle Yancey,* contra.

GARDNER, Presiding Judge. 1. Special ground 1 assigns error by alleging that the verdict of the jury is manifestly a compromise verdict which cannot be sustained by any authorized form of calculation, and is not supported by the evidence.

The jury had the evidence before them as to the property sold, the contract as to commissions, etc. It is true that if a jury should return a verdict in favor of a plaintiff with *no* evidence to support such verdict, the judgment should be reversed on the general grounds. See *Buchanan* v. *Hieber,* 78 *Ga. App.* 434 (5) (50 S. E. 2d 815). However, the record before us is not such that there is *no* evidence to support the amount returned

by the jury, and that case has no application. This special ground does not show reversible error.

2. Special ground 2 assigns as error the following charge to the jury: "Parties to a contract may by their conduct or by agreement vary its terms as they carry it out." In *Bearden Mercantile Co.* v. *Madison Oil Co.*, 123 *Ga.* 695 (4) (58 S. E. 200), the court held: "While parties to a contract may, by a course of dealing after a contract has gone into effect, waive a stipulation therein, still, in order to bring about this result, it must appear from the circumstances that it was the mutual intention of the parties to so change the contract." '

In *Ball* v. *Foundation Co.*, 25 *Ga. App.* 126 (1) (103 S. E. 422), Judge Jenkins, speaking for the court (citing *Bearden Mercantile Co.* v. *Madison Oil Co.*, supra), said: "While it is true that where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, a modification, by way of a quasi new agreement, will be implied . . . still, in order for this rule to have application, it is necessary that the circumstances be such as will in law imply a mutual new agreement, whereby new, distinct, and definite terms are supplied in lieu of those provided for by the original contract." See also *Morrison* v. *Roberts*, 195 *Ga.* 45, 46 (23 S. E. 2d 164), and *Carter* v. *General Finance &c. Corp.*, 96 *Ga. App.* 423, 425 (100 S. E. 2d 99). This special ground is not meritorious. The court elsewhere clearly set out that the contract could be varied by mutual agreement.

3. Special ground 3 assigns error because it is alleged that the court erred in allowing information to be elicited from the plaintiff on cross-examination: "Q. And Commercial Trust paid listing fees on them for a while, didn't they, under those circumstances? A. On two sub-divisions. Q. Sir? A. On two sub-divisions. Not the sub-divisions under question.

"At this point counsel for movant objected, and the following colloquy occurred: Mr. Stephens: Your Honor, I am going to object to that, ask the court to rule that out on the ground it's irrelevant, brings in a matter for which the plaintiff has been compensated and is prejudicial to the defendant in that regard. The Court: Well, in so far as it might show a course of conduct

extending over into other dealings of this plaintiff it might be material. I will leave it in. Mr. Stephens: Your Honor, they are suing on an express contract. It is so alleged in the petition, and I submit you can't prove a contract as to one specific piece of property by showing some other contract about another piece of property. The Court: Well, I am not allowing it for that purpose. There can be mutual deviation on a contract."

While this came close to being an expression of opinion by the court, in view of the whole record we are not holding this erroneous. This special ground is not meritorious. For the same reason we are not holding the assignment contained in special ground 6 to be erroneous.

4. Special ground 4 assigns error because the court refused to permit certain portions of the so-called "policy book" of the defendant to be admitted in evidence. The record does not disclose that the defendant was harmed in this respect, inasmuch as other evidence covered the same point. This assignment of error is not meritorious.

5. Special ground 5 assigns error because of the admission of testimony of the plaintiff as to commissions to which the plaintiff would be entitled. It appears that the defendant furnished each salesman with the policy book, which contained procedure in regard to sales and commissions earned and payable. Since the policy book was admitted into evidence, it was the highest and best evidence. However, under the record of this case the testimony to which objection is made in the special ground seems to be in line with the written provisions of the policy book, and would not change the amount of commissions to be received one way or the other. For this reason the testimony was harmless to the defendant. This special ground is not meritorious.

6. Special ground 7 assigns error because it is contended that the court erred in admitting into evidence, over objections, certain canceled checks of the defendant. The evidence did not disclose what these payments covered. The evidence was not such as to connect it with the payment of, or the failure to pay, commissions as alleged in the petition, and should have been excluded. The admission of the checks, standing alone, could not affect the results, since there was no evidence that the checks

were or were not paid on the commissions herein involved. See *Thomas* v. *Close,* 177 *Ga.* 731, 733 (171 S. E. 268). This special ground is not meritorious.

7. Special ground 8 assigns error on a charge of the court which is in direct line with what was involved in the case, that is, whether or not there had been changes made in the policy of the office and whether or not the changes, if any, had been acquiesced in by the plaintiff. This excerpt from the charge does not show reversible error.

8. The evidence is sufficient to support the verdict.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*