40273.   JONES v. BROWN.

Decided December 5, 1963—Rehearing denied
December 18, 1963.

*Mrs. R. P. Herndon,* for plaintiff in error.

*S. S. Robinson,* contra.

RUSSELL, Judge. ■ "Whenever any person in this State . . . shall . . . convey any personal property by bill of sale and take an obligation binding the person to whom said property is conveyed to reconvey said property upon the payment of said debt or debts, such conveyance of . . . personal property shall pass the title of said property to the grantee until the debt or debts which said conveyance was made to secure shall be fully paid and shall be held by the courts to be an absolute conveyance . . . and not a mortgage." *Code* § 67-1301. The bill of sale here, transferring title to the Southern Discount Company of certain household furniture of the plaintiff as collateral security for a loan is not, as contended, a mere pledge, but placed legal title in the creditor subject to the right of the debtor to a reconveyance upon her payment of the debt in compliance with the terms of the contract.

■ The finance company might, as it contended it did, have repossessed and sold the furniture under the provisions of this contract for the balance due on the debt plus incidental expenses and without notice of its intention to the plaintiff. *Heist v. Dunlap & Co.,* 193 Ga. 462 (3) (18 SE2d 837). It was also empowered by the instrument after default to take the property for the purpose of sale without any prior legal action. *Carter v. General Finance &c. Corp.,* 96 Ga. App. 423 (2) (100 SE2d 99). It could not, however, ostensibly before the world sell the property to pay the debt after accelleration of the balance and at the same time secretly and as to the plaintiff alone reinstate the contract and waive its right to accellerate and sell by ac-

cepting the two past due payments, interest and "late fees" from her, as the latter action, at least so far as she was concerned, cured the default and reinstated all of her rights under the contract including the right of possession of the furniture. Since the $50, according to the loan company's receipt by which it is bound, paid her obligations through October 21, the sale by the company to Brown on October 13 was a conversion, and the loan company, had it been a party to this action, would undeniably have been liable to the plaintiff for any damage resulting to her.

As to Brown, the only named defendant, an additional question arises. Brown had knowledge that the plaintiff owned the furniture, that she had defaulted in payment of her debt, that she had surrendered possession to the finance company and that the finance company had a right under the terms of the bill of sale to sell the furniture for the balance due on the debt under these circumstances. He paid cash for the property and had no notice that the company had in fact waived its right to sell by reinstating the contract or that the contract was again in force at the time he purchased. In this State the rule of caveat emptor applies; no one can transfer a better title than he has unless some principle of estoppel comes into operation against the person claiming under what would otherwise be a better title. "The true owner of personal property can lose his title thereto in favor of an innocent purchaser for value without notice, only where he 'has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of the disposition of his property.'" *Patterson Co. v. Peoples Loan &c. Co.*, 158 Ga. 503 (4) (123 SE 704). This court is divided on the question of whether the defendant, admittedly an innocent purchaser from one with no authority to sell, bought under such circumstances that in the common understanding of the world the finance company, having the apparent right of disposal, could convey good title to him as against the plaintiff. In this connection see *Malsby & Co. v. Widincamp*, 24 Ga. App. 737 (102 SE 178) and *Moye v. Waters*, 51 Ga. 13, both cited

in *Southern Discount Co. v. Elliott,* 86 Ga. App. 50 (70 SE2d 605); and *Dealer's Discount Corp. v. Trammell,* 98 Ga. App. 748 (106 SE2d 850); *Dollner, Potter & Co. v. Williams,* 29 Ga. 743. If the defendant did, because of the apparent authority of the company, obtain good title, the plaintiff being estopped to contest this because of her original default which allowed the company rightfully to repossess and sell the property in the absence of a subsequent concealed waiver of this right, then of course the defendant was entitled to prevail. If, on the other hand, the defendant did not obtain good title, he at least obtained such title as the company had, which was a legal title plus the right of possession in the event of default by the plaintiff in the payment of any monthly installment of the debt.

One week after the defendant's purchase the plaintiff again came in default under the terms of the bill of sale to secure debt. She did not during that week demand her property from anybody, and she did not thereafter make any offer to anybody to comply with her obligations nor did she make any demand for the property. Eighteen months later when this action was filed she admittedly owed $219.98 plus some unascertained amount for repossession, storage costs, and interest.

The burden is on the plaintiff in a trover action to make out a prima facie case, which she must do on the basis of either title or right of possession. "It may be stated that as a general rule the plaintiff in an action of trover must show title, either general or special, in himself at the time of the institution of the suit, actual possession, or right of immediate possession." *Livingston v. Epsten-Roberts Co.,* 50 Ga. App. 25 (1) (177 SE 79). "Right to immediate possession, to constitute the basis of plaintiff's suit in trover, must be absolute, unconditional, and exist at the time the action is commenced." 89 CJS 572, Trover & Conversion, § 74. The statutory trover action in Georgia embraces the common law actions of trover, detinue, and replevin. *Mitchell v. Georgia & Ala. R.,* 111 Ga. 760 (36 SE 971, 51 LRA 622). In all of these, right of immediate possession means a right to possession existing at the time the suit is instituted. 26A CJS 892, Detinue, § 5; 77 CJS 29, Replevin, § 42. The plaintiff here had already transferred her legal title; her right of possession

depended upon payment of the installment debt. At the time of the institution of this action the entire balance of the debt had matured and the plaintiff not only made no offer to pay that which was admittedly due before her right of possession could be reacquired (in which connection see *Worthy v. Williams*, 64 Ga. App. 47, 12 SE2d 139), but she further introduced no evidence from which the court could have awarded her a money judgment based on the difference between the value of the property withheld from her and the amount she owed thereon, since there is no evidence as to the value of the repossessed chattels. "In trover by one having a partial interest in the chattel converted, he can recover only an equivalent for his interest." *Russell v. Kearney*, 27 Ga. 96 (4). The owner of property who conveys by a bill of sale to secure a debt owing by him to a creditor is in the same legal situation as one who purchases property from a vendor who retains title until the purchase price is paid; in both situations the right of possession depends upon compliance with the terms of the contract. The interest of the creditor extends no further than his special property, which is the amount of the unpaid debt. Likewise, the interest of the debtor extends no further than his own special property or equity in the subject matter, which is a right of possession during his compliance with the provisions of the security instrument, and a right to a reconveyance of title upon the discharge of his obligations thereunder. Neither can recover the entire property as against a third person who is not a wrongdoer but a bona fide purchaser without offering to put him in statu quo. *Brice & Co. v. Whitehurst & Hilliard*, 8 Ga. App. 291 (2) (68 SE 1075); *Franklin v. Tanner*, 34 Ga. App. 254 (129 SE 114); *Scott v. Glover & Co.*, 7 Ga. App. 182 (2) (66 SE 380); *Ayash v. Ga. Show-Case Co.*, 17 Ga. App. 467 (5) (87 SE 689). The same result is reached if it be argued that the plaintiff, upon conversion of her property by the discount company, was entitled to rescind, since a trover action based on rescission of a conditional sale contract necessarily embraces an accounting between the parties and is res judicata as to the equities between them. *Sizemore v. Beeler*, 94 Ga. App. 414, 418 (94 SE2d 773); *Cowart v. Brigman*

*Motors Co.*, 32 Ga. App. 123 (122 SE 645); *Shipp v. General Discount Corp.*, 60 Ga. App. 145 (1) (3 SE2d 107).

The plaintiff at the time of the institution of this suit did not have legal title, but she did have a special property interest entitling her to pursue the action, which was the value of the goods over and above the amount of the debt. She did not have a right to recover the property itself without paying the debt (which she could have done by a prior tender of the amount due, or during the trial at the time of electing a property judgment) or she could recover on the basis of the special property right by electing a money judgment for the difference. A judgment for the latter is not supported by evidence here because there is no evidence of the value of the property. A judgment for the former is not supported because, as to her special property right, she made no tender, and, as to right of possession, she has failed to show a right of possession in the absence of payment of the debt.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Eberhardt, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment for one reason only and that is that the plaintiff did not prove what was the difference between the value of the property and the amount of the balance of the purchase money owed by the plaintiff which was the amount the plaintiff was entitled to recover under *Arsdale v. Joiner*, 44 Ga. 173. While no ruling on the matter of estoppel is made by the majority opinion, I wish it clearly understood that in my opinion there can be no estoppel invoked against the plaintiff on the ground that she did anything to lead anybody to believe that the credit company had a right to sell the property as its own or as agent for the plaintiff. The credit company and the defendant without question converted the property, and nothing happened after the conversion to remove the consequence of the conversion. The *Arsdale* case, supra, involved a pledge but the principle is the same as here.