### 73592. GILBERT v. RAFAEL.
(352 SE2d 641)

BANKE, Presiding Judge.

This is a suit by the appellant to recover actual and punitive damages for conversion based on the appellee's alleged wrongful repossession of an airplane. The appeal is from the grant of the appellee's motion for summary judgment. Although the complaint sought recovery for the alleged conversion of certain other property in addition to the airplane, the only issues raised on appeal concern the appellant's right to recover damages for the taking of the aircraft itself.

The aircraft was repossessed in December of 1982. The appellant testified in his deposition that in November of 1982, he had transferred his interest in the plane to two creditors who are not involved in this litigation, with the verbal understanding that he would have

the option to buy it back from them "at whatever point, whether it was two months or six months or a year," by paying "whatever cost and expense they had incurred during that time in maintaining the aircraft and reducing its debt service. . . ." The appellant further testified that "[i]t was understood that if I had need . . . for the aircraft, that I could make arrangements with them to use it, it would have been one that I would have had to call them, said, are you using the aircraft, if not, may I use it, where prior to that time, I would not have asked anybody, I would have used it and they would have had to call me. So, it was an understanding that we had that should I need the aircraft for any reason or wish to make a trip, that I could *with their permission*." (Emphasis supplied.) *Held*:

1. "To recover in a trover action, the plaintiff must first show that he had legal title to or the right of possession of the property in dispute at the time of the institution of the suit, (Cits.). . . ." *Charles S. Martin Distrib. Co. v. Banks*, 111 Ga. App. 538, 539 (142 SE2d 309) (1965). "Right of possession" means either actual possession or the right to immediate possession of the property. See *Jones v. Brown*, 108 Ga. App. 776, 780 (134 SE2d 440) (1963). " 'Right to immediate possession, to constitute the basis of plaintiff's suit in trover must be absolute, unconditional, and exist at the time the action is commenced.' " Id. citing 89 CJS 572, Trover & Conversion, § 74.

Obviously, the plaintiff-appellant in the case before us had neither title to the aircraft nor the unconditional right to immediate possession of it, either at the time it was repossessed or at the time the present action was filed. It follows that the trial court did not err in granting the appellee's motion for summary judgment.

2. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment affirmed. Birdsong, C. J., and Sognier, J., concur.*

DECIDED JANUARY 5, 1987.

*James A. Elkins, Jr.*, for appellant.
*Richard A. Marchetti*, for appellee.