S09G0336. LEVENSON v. WORD et al.

(686 SE2d 236)

HUNSTEIN, Chief Justice.

This is a conversion case involving the interpretation of OCGA § 53-1-5, a probate statute that addresses the inheritance rights of an individual who feloniously and intentionally kills or conspires to kill the decedent. Appellant Louis Levenson, the administrator c.t.a. of the estate of Jerry Post, brought suit in 2006 against appellees, two criminal defense attorneys and their law firm, alleging that appellees converted estate property when they accepted certain sums as payment for their professional services in representing Post's widow, Debra, after she was indicted in September 2002 for Post's October 2001 murder. Post subsequently pled guilty to the charges in September 2003. The Court of Appeals in *Levenson v. Word*, 294 Ga. App. 104 (668 SE2d 763) (2008), after setting forth more fully the facts of this case, affirmed the trial court's grant of summary judgment in favor of appellees. We granted certiorari to consider that ruling. For the reasons that follow, we affirm.

OCGA § 53-1-5 provides, in relevant part:

(a) An individual who feloniously and intentionally kills or conspires to kill or procures the killing of another

individual forfeits the right to take an interest from the decedent's estate and to serve as a personal representative or trustee of the decedent's estate or any trust created by the decedent. . . .

(b) An individual who forfeits the right to take an interest from a decedent's estate by virtue of this Code section forfeits the right to take any interest such individual would otherwise take at the decedent's death . . . and is treated as having predeceased the decedent for purposes of determining the distribution of the decedent's property and of appointing personal representatives or trustees.

. . .

(d) A final judgment of conviction or a guilty plea for murder, felony murder, or voluntary manslaughter is conclusive in civil proceedings under this Code section. In the absence of such a conviction or plea, the felonious and intentional killing must be established by clear and convincing evidence.

Relying on this statute, appellant contends Debra Post, after murdering her husband, stole the proceeds of the decedent's estate and used the proceeds to pay for her defense such that appellees, by accepting payment for their professional services, converted estate property. Pretermitting whether conversion could properly be utilized to recover the particular funds sought by appellant in this case,[1] the record establishes certain uncontroverted facts that existed at the times when Post dispersed the funds at issue and when appellees received them. Those uncontroverted facts are that Post had qualified as executor of the decedent's estate and letters testamentary had been issued to her; Post had not yet pled guilty to the murder charges and no final judgment of conviction had been entered in regard to the criminal indictment; and Post's felonious and intentional killing of the decedent had not been established by clear and convincing evidence in any judicial proceeding.

In Georgia, to maintain an action to recover for the conversion of personalty, a plaintiff must establish not only that he had possession or an immediate right to possession of the converted property at the

---

[1] Additionally, we do not address whether the grant of summary judgment to appellees was appropriate on the alternative ground that appellant failed to show that the sums at issue belonged to the estate and not to Post at the pertinent time periods. See *Levenson v. Word*, supra, 294 Ga. App. at 107 ("[t]here is no evidence in the record, such as an accounting, establishing the extent of [Post's] net worth or distinguishing her assets from those of her husband").

time the suit is instituted, e.g., *Gilbert v. Rafael*, 181 Ga. App. 460 (1) (352 SE2d 641) (1987), but also that either he or his predecessor in interest had possession or an immediate right to possession of the converted property at the time of the alleged conversion. See OCGA §§ 51-10-1, 51-10-2. See also *McElmurray v. Harris*, 117 Ga. 919 (43 SE 987) (1903) and *Willis v. Burch*, 116 Ga. 374 (42 SE 718) (1902), superseded by statute on other grounds; *Graham v. Frazier*, 82 Ga. App. 185 (5) (60 SE2d 833) (1950) (a plaintiff may maintain an action to recover converted property even though the alleged conversion took place prior to the time plaintiff acquired his interest in the converted property where plaintiff can prove that he succeeded to all of the rights and remedies of the person who had possession or an immediate right to possession of the converted property at the time of the conversion).

Contrary to appellant's arguments, OCGA § 53-1-5 did not place possession or an immediate right to possession of the estate property in him at the time Debra Post dispersed and appellees received the funds in issue. By the clear and unambiguous provisions of its language, OCGA § 53-1-5 requires some form of judicial condemnation to divest a murderer of his or her interests from the murdered decedent's estate — either through a criminal proceeding, i.e., final judgment of conviction or a guilty plea, or through a civil proceeding establishing a felonious and intentional killing by clear and convincing evidence. Id. at (d). Upon finalization of either of the judicial condemnation proceedings provided for in subsection (d), the murderer's interest from the decedent's estate is forfeited and that forfeiture then relates back to the moment of the murder, so as to authorize recovery from the murderer of any of that interest he or she previously dispersed.[2] Until such judicial condemnation proceedings are finalized, however, property conveyed by the murderer passes good title.[3] We reject as contrary to the plain and unambiguous language of the statute appellant's argument that OCGA § 53-1-5 in any manner "relates back" to the moment of the killing prior to the finalization of either of the judicial condemnation

---

[2] The record reflects that, in September 2006, the probate court assessed a monetary judgment against Debra Post in the amount of $375,382.42, representing all the proceeds from the decedent's life insurance policies, personalty and realty minus the sums Post distributed to beneficiaries and heirs.

[3] Nothing in OCGA § 53-1-5 precludes interested parties from utilizing other existing statutory and equitable remedies, e.g., caveat to the will or injunctive relief, to prevent an alleged murderer from dispersing his or her interest from a decedent's estate. See OCGA § 23-2-91; *Bowman v. Bowman*, 206 Ga. 262 (1) (56 SE2d 497) (1949) (heirs may bring equitable action against administrator and persons charged with acting in collusion with him to protect their rights where administrator makes collusive conveyance for purpose of defrauding those interested in the estate).

proceedings set forth in subsection (d) so as to secretly divest Post of her interest from the decedent's estate and to place the immediate right of possession in appellant. See generally *United States v. Bailey*, 419 F3d 1208 (11th Cir. 2005).[4]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 2009.

*Louis Levenson*, pro se.

*Jack F. Witcher, Kevin B. Buice, Rita D. Carroll, Daniel B. Greenfield, John R. Martin*, for appellees.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, amici curiae.

---

[4] Appellant argues that, even if the applicable law was correctly applied, a fact question remains as to whether appellees acted "in good faith." Aside from appellant's failure to identify any duty that appellees owed him or the decedent's estate that required the exercise of good faith on appellees' part and the complete absence of any evidence in the record to indicate that appellees acted in bad faith, this argument is meritless given that appellant's sole cause of action alleged conversion for which the good faith of a party is immaterial. *Maryland Cas. Ins. Co. v. Welchel*, 257 Ga. 259 (1) (356 SE2d 877) (1987).