**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 10, 2019**

# In the Court of Appeals of Georgia

A18A1969. IN RE ESTATE OF SANDRA ELAINE B. BARNETT.

MCMILLIAN, Judge.

In this probate dispute, we are asked to determine whether, under OCGA § 53-1-5, Buster Barnett, the husband of decedent Sandra Elaine B. Barnett,[1] has forfeited the right to take an interest in her estate and to serve as its personal representative because Buster was allegedly involved in Sandra's murder. For the reasons that follow, we find that the trial court correctly determined that no genuine issue of material fact exists tying Buster to Sandra's murder and affirm.

Although somewhat limited, the record provides some context to the Barnetts' complex relationship and the tragic end of Sandra's life. Buster and Sandra were married in 1987. At some point, they became estranged, and in 2011, Buster filed a

---

[1] For clarity, we will refer to Buster and Sandra Barnett by their first names.

pro se divorce action. After Sandra did not appear for the bench trial, the trial court entered a final judgment and decree of divorce in 2012. Several months later, Sandra obtained counsel and filed a motion to set aside the divorce decree, alleging that, although they still lived together at the time, Buster had fraudulently identified her address as one of their rental properties, and she therefore never received a copy of the divorce complaint and summons. Following a hearing, the trial court granted her motion to set aside the decree and reopened discovery. In January 2014, the parties filed a mutual dismissal of the divorce action, asserting potential reconciliation. A month later, Buster wrote a letter to the trial judge requesting that the divorce be reinstated because he did not have notice of Sandra's motion to set aside, but the trial court explained in response that the case had been closed following the parties' consent dismissal and either party could initiate new divorce proceedings.

In June 2015, Buster again filed for divorce. The following month, Lisa Brown, Buster's girlfriend, kidnapped Sandra from her home at gunpoint. The next day, police spotted the vehicle Brown was driving and began a chase that crossed into Alabama and ended with Brown fatally shooting Sandra and then herself. Buster has not been charged with a crime in relation to his wife's death.

In August 2015, Buster Barnett filed a petition to probate Sandra's will. However, when Buster did not appear at a scheduled hearing, his petition was dismissed for want of prosecution. Shortly thereafter, Donna Brooks, Sandra's sister, filed a petition to probate the will. Buster, however, then filed a petition for letters of administration. In response, Brooks filed a petition to invoke the "Slayer Statute" and to appoint her as the executor to Sandra's estate. In her petition, Brooks argued that Buster and Brown had been having an affair for over two years and lived together for several months prior to Sandra's murder and that Brown was driving Buster's car when she kidnapped Sandra. Brooks further alleged that Buster deceived Sandra until her death in order to avoid dividing their marital assets; that he was aware that Brown suffered from mental illness and had violent and suicidal tendencies;[2] and that he conspired with Brown to have Sandra murdered.

Buster opposed Brooks' petition and moved for summary judgment, asserting that he did not kill his wife nor did he conspire with anyone to kill her. After the

_____

[2] As evidence, Brooks asserted that at the time of Sandra's murder, Brown was on probation for kidnapping her own child after she lost custody. She also presented a 2013 police report following an allegation of aggravated assault committed by Brown against Buster.

3

probate court granted Buster's motion,[3] finding that there was no evidence to support invoking the Slayer Statute against him, this appeal followed. In related enumerations of error, Brooks asserts, on behalf of Sandra's estate, that the trial court erred in granting summary judgment to Buster.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). OCGA § 53-1-5, commonly known as the "Slayer Statute," provides, in relevant part:

> (a) An individual who feloniously and intentionally kills or conspires to kill or procures the killing of another individual forfeits the right to take an interest from the decedent's estate and to serve as a personal representative or trustee of the decedent's estate or any trust created by the decedent. For purposes of this Code section, the killing or conspiring to kill or procuring another to kill is felonious and intentional if the killing would constitute murder or felony murder or voluntary manslaughter under the laws of this state.
>
> . . .

---

[3] As neither party requested a hearing, the probate court decided the motion on the pleadings and available record.

4

(d) A final judgment of conviction or a guilty plea for murder, felony murder, or voluntary manslaughter is conclusive in civil proceedings under this Code section. In the absence of such a conviction or plea, the felonious and intentional killing must be established by clear and convincing evidence.

Our Supreme Court has explained that "OCGA § 53-1-5 requires some form of judicial condemnation to divest a murderer or his or her interests from the murdered decedent's estate." *Levenson v. Word*, 286 Ga. 114, 116 (686 SE2d 236) (2009). This may happen "either through a criminal proceeding, i.e., final judgment of conviction or a guilty plea, or through a civil proceeding establishing a felonious and intentional killing by clear and convincing evidence." Id.[4]

Here, it is undisputed that there has been no criminal conviction or civil proceeding establishing by clear and convincing evidence that Buster participated in the kidnapping and murder of his wife. Nor has Brooks produced any evidence in this proceeding to support a finding that Buster conspired to kill or procured the killing of his wife. Instead, Brooks only speculates that Buster had the motive to kill Sandra

---

[4] The Supreme Court noted, however, that "[n]othing in OCGA § 53-1-5 precludes interested parties from utilizing other existing statutory and equitable remedies, e.g., caveat to the will or injunctive relief, to prevent an alleged murderer from dispersing his or her interest from a decedent's estate." *Levenson*, 286 Ga. at 116, n.3 (citing OCGA § 23-2-91).

to avoid losing assets in the divorce, that he knew about Brown's violent tendencies and criminal background, and that Brown was angry that Buster and Sandra were planning to take a trip together. No evidence has been presented that Buster knew about Brown's plans to kidnap Sandra, that he encouraged her to do so, or that he had done anything else to make himself a party to Brown's criminal acts. Without more, the probate court correctly granted summary judgment to Buster, and we must affirm.

*Judgment affirmed. Barnes, P. J., and Reese, J., concur.*